**RETAIL CLERKS UNION LOCAL NO. 1557, AFL–CIO and Murfreesboro Vending Service, Inc., Plaintiffs,**

**Retail Clerks Union Local No. 1557, AFL–CIO, Plaintiff-Appellee,**

v.

**MURFREESBORO VENDING SERVICE, INC., and Retail Clerks Union Local No. 1557, AFL–CIO, Defendants,**

**Murfreesboro Vending Service, Inc., Defendant-Appellant.**

**No. 81–5635.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 23, 1982.

Decided Sept. 27, 1982.

---

Ronald G. Ingham, William G. Trumpeter, Chattanooga, Tenn., for defendant-appellant.

George Barrett, Barrett, Kniffen & Blackburn, Michael Passino, Nashville, Tenn., for plaintiff-appellee.

Before MARTIN, Circuit Judge, BROWN, Senior Circuit Judge, and NEESE,* District Judge.

PER CURIAM.

Murfreesboro Vending Service, Inc. appeals a District Court order enforcing an arbitrator's award. The arbitrator's award had granted reinstatement and back pay to discharged employee Janet Harden.

The arbitrator's findings of fact may be summarized as follows: Mrs. Harden was employed in the Murfreesboro Vending Service commissary from September, 1976 until her termination on March 19, 1980. Her normal work week ran from Monday through Thursday and included Saturday, with Friday and Sunday off. On Monday, March 17, 1980, Mrs. Harden's supervisor asked her to work Friday, March 21, her scheduled day off. She was assigned the job of cleaning a large convection oven, a task which generally consumed the better part of a working day. Mrs. Harden accepted the assignment on the understanding that she could leave the plant in time to keep a Friday afternoon doctor's appointment.

The following day, Mrs. Harden had second thoughts about the unscheduled workday. She was apparently concerned about finding a babysitter for her infant child and uneasy that she might miss her doctor's appointment in spite of her supervisor's assurances. Mrs. Harden was particularly anxious to see her doctor because she suspected that she was pregnant.

---

* Honorable C.G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation. On August 31, 1982, Judge Neese became a Senior District Judge and moved his official duty station to Nashville, in the Middle District of Tennessee, and did not participate in the final decision of this case.

Motivated by these concerns, Mrs. Harden called her Union steward to find out whether she would be subject to discharge if she refused to work on Friday. He assured her that she would not, adding that he had twice declined unscheduled work assignments without incurring discipline of any kind. Relieved, Mrs. Harden called her supervisor on Tuesday afternoon and asked him what would happen if she changed her mind about working Friday. He replied that he would get someone else to clean the oven. Thereupon, she informed the supervisor that she would not perform the unscheduled work. No further conversation on the subject took place.

The next day, Wednesday, March 19, Mrs. Harden went to work as usual. When she arrived at the plant, she was informed that she had been discharged and was given a termination notice. Mrs. Harden filed a grievance, which eventually led to the present litigation.

The arbitrator who heard the grievance determined that Mrs. Harden's discharge was not supported by "just cause" as required by Article XII of the collective bargaining agreement then in force.[1] Despite the existence of a contract provision which permitted the company to terminate employees for "insubordination,"[2] the arbitrator found that Mrs. Harden's discharge was, under the circumstances, "unreasonable" and therefore not predicated on "just cause."

Murfreesboro Vending refused to comply with the arbitrator's award of reinstatement and back pay, and filed suit in Tennessee state court to vacate the arbitrator's decision. Local 1557 removed the case to Federal District Court, which granted summary judgment in favor of the Union and entered an enforcement order. We affirm.

■ It is axiomatic that arbitration decisions are entitled to great deference from the courts. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). As this court stated in *Gen. Telephone Co. of Ohio v. Communications Workers of America*, 648 F.2d 452 (6th Cir. 1981):

> [W]hile the powers of an arbitrator are not unlimited, his award should be upheld so long as he does not disregard or modify plain and unambiguous provisions of a collective bargaining agreement.

648 F.2d at 457.

■ Murfreesboro Vending contends that the arbitrator "rewrote" the collective bargaining agreement by declining to infer a conclusive presumption of "just cause" from the company's power to terminate "insubordinate" employees under Article V. However, as both the arbitrator and the District Court observed, this approach ignores the effect of Section 2, Article XII, which authorizes the submission to arbitration of grievances relating to employee discipline. To hold that an arbitrator lacks authority to inquire into the circumstances surrounding an employee's discharge for "insubordination" would, in many cases, render that clause in Article V, Section 2, virtually meaningless. Thus, the arbitrator's interpretation of the collective bargaining agreement is entirely consistent with this court's decisions in *Timkin Co. v. United Steelworkers of America*, 492 F.2d 1178 (6th Cir. 1974) and *Falls Stamping & Welding Co. v. International Union, United Automobile, Aircraft & Agricultural Implement Workers of America*, 575 F.2d 1191 (6th Cir. 1978).

---

1. Article XII—Discharge, Suspension or Discipline

Section 1. The Employer will not discharge, suspend or discipline any employee without just cause.

Section 2. Any disciplinary action, except for an initial oral warning, will be provided the employee in writing with a copy to the Union.

Such action is subject to review through Grievance and Arbitration Procedure.

2. Article V of the Contract provides, in pertinent part:

I. Primary Rules of Conduct

Any of the following types of misconduct is considered inexcusable and may result in immediate discharge.

. . . .

10. Insubordination (including the refusal to perform work assigned).

As the District Judge pointed out in his thorough and well-reasoned opinion, it is immaterial whether we believe the arbitrator's analysis to be the *best* interpretation of the collective bargaining agreement; it is sufficient that it be a *permissible* interpretation.

> [T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. at 599, 80 S.Ct. at 1362.

The judgment below is affirmed.