**IRONWORKERS LOCAL # 272, et al., Plaintiffs-Appellees, Cross-Appellants,**

v.

**Eugene BOWEN, Leo Beck and Monroe Phagan, Defendants-Appellants, Cross-Appellees.**

**No. 81–5775.**

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 1983.

---

Bernard B. Weksler, Aronovitz & Weksler, Miami, Fla., for Bowen.

Leonard Wolf, Miami, Fla., for Beck and Phagan.

Ira Kurzban, Miami, Fla., for plaintiffs-appellees, cross-appellants.

Before RONEY and JOHNSON, Circuit Judges, and DYER, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This is an appeal from action of the district court taken after a remand that was ordered by a prior decision of the former Fifth Circuit. The complete facts of this case were well summarized by the panel in that appeal, *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980). We will briefly state the facts essential to this appeal.

This suit arose when three union trustees of the Iron Workers Local No. 272 Annuity Fund sought to sue three former management trustees of the jointly administered fund for alleged improprieties in relation to losses the fund had sustained. When the three union trustees formally moved to sue, the current management trustees, who are the defendants in this suit,[1] voted to block the suit, deadlocking the board. The board agreed to send the issue to arbitration and the arbitrator, after holding hearings, directed the trustees to file suit. However, the management trustees, Beck and Phagan,[2] would only agree to file suit under the terms of the original deadlocked motion, refusing to include fraud or willful misconduct charges. After the arbitrator wrote a letter clarifying his decision and the management trustees still refused to include fraud or misconduct, the union trustees brought this suit. This Court has jurisdiction under the Employee Retirement Income Security Act ["ERISA"], 29 U.S.C.A. § 1001 *et seq.* See *Iron Workers*, 624 F.2d at 1258–60.

On remand, the district court awarded attorneys' fees to the plaintiffs for this litigation; it had summarily denied attorneys' fees in its original order. However, it affirmed its previous decision not to award costs to the plaintiffs for the cost of arbitration. Defendants appeal the court's award of attorneys' fees, while plaintiffs appeal the denial of costs for the arbitration proceeding. We affirm all aspects of the district court's order.

---

1. The three defendants are Leo Beck, Monroe Phagan, and Eugene Bowen. Bowen was also one of the three management trustees of the former board whom the union trustees wished to sue. Although it was disputed whether Bowen actually voted on the deadlocked motion, the court on remand noted that "there is virtually no dispute that Bowen was an active participant in the discussions leading up to the vote." R. 1013.

2. Bowen did not participate in any post arbitra-

## I. Attorneys' Fees For This Suit

The primary contention [3] of all three defendants is that because there was no breach of fiduciary duty or showing of bad faith, the court erred in awarding attorneys' fees. In the prior appeal, the Court remanded the issue of attorneys' fees, explaining: "[W]e are remanding on the merits, and different decisions on the merits may warrant a revised decision on attorneys' fees." 624 F.2d at 1266. The Court also set out guidelines to aid the district court in exercising its discretion, stating that it should consider the following factors in deciding whether to award attorneys' fees under Section 502(g) of ERISA, 29 U.S.C.A. § 1132(g):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g).

624 F.2d at 1266 (footnote and citations omitted). In addition, "[w]here plaintiffs are fiduciaries, for example, as in the present case, a court should consider whether those parties would have violated their fiduciary duties by not bringing suit." *Id.* Although all three defendants were held liable for plaintiffs' attorneys' fees for this suit, the basis of liability for Beck and Phagan differed from that of Bowen, and will be discussed separately.

### a. The Liability of Beck and Phagan

The district court held Beck and Phagan liable for attorneys' fees because it concluded that they had breached their fiduciary duties by refusing to authorize a suit containing charges of willful misconduct after the arbitrator's decision. It noted that Beck's and Phagan's refusal occurred even after their own attorney, Mr. Weksler, had advised them that a suit without allegations of fraud or conspiracy would be a nullity due to the indemnity provisions of the trust agreement.[4] It concluded that because "there was no justification for their refusal," R. 1014, Beck and Phagan acted in bad faith.

■ Beck and Phagan present numerous challenges to the district court's holding on this issue, none of which are persuasive. Many of their objections concern reasons why it was prudent for them to refuse to include fraud or willful misconduct charges in the proposed suit. However, none of these objections are even relevant if the arbitrator's clarifying letter [5] clearly direct-

---

tion matters.

**3.** The defendants also challenge the amount of the award, but their contentions are not discussed here because each was considered and properly decided by the district court in its detailed order setting amount of attorneys' fees. R. 1381–89. The court did not set an amount for the award until after it had received an affidavit from plaintiffs setting forth their claims and a memorandum addressing the factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). It also held a two day evidentiary hearing to allow defendants to test the accuracy of plaintiffs' records.

**4.** In the first appeal, the Court observed that there was an allegation in the record that, un-

less fraud or willful misconduct charges were included, the trustees would not be personally liable. 624 F.2d at 1266 n. 25. The Court declared that, if the allegation was supported by the record, "it might well be an indicium of bad faith." *Id.*

**5.** When Beck and Phagan refused to include fraud or willful misconduct charges, insisting that the suit should include only the charges in the original motion, plaintiffs' co-counsel wrote to the arbitrator, asking him to clarify whether his decision "implicitly or expressly limit[ed] the type of action that may be filed against the former trustees." The arbitrator replied in a letter:

> The opinion does not limit the type of action to be filed by the present Board of Trustees.

ed the trustees to include all charges in the suit. As the Court pointed out in the prior appeal, under the fund's Agreement and Declaration Trust trustees must comply with an arbitrator's decision. 624 F.2d at 1259 & n. 6, 1261 n. 9. Further, Section 404(a)(1)(D) of ERISA, 29 U.S.C.A. § 1104(a)(1)(D), requires fiduciaries to act "in accordance with the documents and instruments governing the plan." Therefore, the refusal to comply with an arbitrator's decision is automatically a breach of fiduciary duty.

■ The threshold issue that Beck and Phagan must prove, therefore, is that the arbitrator's letter of clarification was ambiguous. However, they did not even raise this argument until after remand, and after the court had already issued its supplemental findings and opinion as well as an order on motions for reconsideration. Nevertheless, the district court made our task easier by addressing this argument in yet another written order and noting that it is inconsistent with defendants' previous arguments that they never saw the letter of clarification.[6] The court went on to conclude: "The arbitrator's ruling clearly supports the plaintiffs' position that the suit should be filed with allegations of willful misconduct." R. 1356. Even if we agree with defendants that the arbitrator's ruling is susceptible to more than one interpretation, the district court's factual finding is supported by the evidence and therefore is not clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68

S.Ct. 525, 541, 92 L.Ed. 746 (1948); *North River Energy Corp. v. United Mine Workers,* 664 F.2d 1184, 1189 (11th Cir.1981).

Plaintiffs also emphasize that the order on remand reversed the district court's previous determination that Beck and Phagan did not breach their fiduciary duties. However, in the previous appeal the Court noted that the district court's prior decision was seemingly inconsistent. 624 F.2d at 1261 & n. 9. Because the district court had enforced the arbitrator's decision by directing the trustees to file suit on all charges, it had implicitly found that the management trustees should have complied with the arbitrator's direction. Yet it had also found that Beck and Phagan had not breached their fiduciary duties. As discussed above, a failure to comply with the arbitrator's direction is automatically a breach of fiduciary duty under the fund's Agreement and Section 404(a)(1)(D) of ERISA, 29 U.S.C.A. § 1104(a)(1)(D). The Court remanded because of its uncertainty as to the grounds for the district court's decision. By reversing its earlier conclusion, the district court resolved the inconsistency noted in the prior opinion.

### b. The Liability of Bowen

■ In its original order the court ordered Bowen removed as a trustee to avoid the appearance of impropriety. The former Fifth Circuit remanded because it was unclear whether a removal solely to avoid the appearance of impropriety could stand, directing the lower court to decide whether Bowen "actively participated in the decision whether to sue the former trustees." 624 F.2d at 1261. On remand, the court found Bowen liable for attorneys' fees for this suit

---

It is my suggestion to the parties that in the final analysis a court of competent jurisdiction will define for everyone concerned what should or should not be included in the law suit.
R. 94. *See Iron Workers,* 624 F.2d at 1257.

**6.** In their brief and at oral argument Beck and Phagan stressed that they did not learn of the contents of the arbitrator's letter until after this suit was filed. They devoted much energy to disputing plaintiffs' assertion that the date

when they first saw the letter preceded the filing of this suit. Their energy was misdirected; as Beck and Phagan finally acknowledged at oral argument, the district court explicitly held that its conclusion "in no way depends upon a finding that they [Phagan and Beck] received a copy of the letter of clarification prior to the filing of this suit." R. 1339. Even if Beck and Phagan learned of the letter after this suit, "they should have immediately complied with the arbitrator's ruling." R. 1340.

because he breached his fiduciary duties by participating in the meetings concerning the motion to file a suit that would have included himself as a defendant and because if he had resigned this suit could have been avoided.

Bowen's only challenge to the court's finding of liability is that he did not participate in any post arbitration matters, and attorneys' fees were not awarded for arbitration. However, one of the purposes of this suit was to force Bowen's removal as a trustee. Therefore, Bowen's non-participation in post arbitration discussions is irrelevant; the court held that the costs of this suit are at least in part attributable to Bowen's refusal to step down while litigation against him was being considered.

II.  The Cost of the Arbitration Proceeding

The court upon remand held that none of the defendants were liable for the cost of arbitration. Beck and Phagan were not liable because they did not breach a fiduciary duty in deadlocking the board. Bowen was not liable because even though he participated in the discussion of the motion, if not the voting, only two votes were required to deadlock the board. Plaintiffs challenge this ruling, arguing that all three defendants should be liable for the cost of arbitration.

■ Beck and Phagan's liability for these costs was remanded because in its original order the court applied the wrong standard, stating that Beck and Phagan had not acted in "bad faith" in deadlocking the board. 624 F.2d at 1260. The court clarified its original conclusion, applying the fiduciary standard mandated by ERISA, which embraces a duty of loyalty to the trust beneficiaries, 29 U.S.C.A. §§ 1104(a)(1)(A), 1106(b)(2), as well as a duty of care, 29 U.S.C.A. § 1104(a)(1)(B). Applying that standard, the court found that Beck and Phagan had not breached their fiduciary duty by voting against filing the suit. Plaintiffs' primary challenge to this finding is that Beck and Phagan did not conduct an independent investigation of the allegations of misconduct. However, the court discussed that issue before arriving at its conclusion, stating that Beck and Phagan justifiably relied on the advice of their own attorney, Mr. Wolf. Under general trust principles and under ERISA, a trustee may rely on information provided by other persons. *See* 29 C.F.R. § 2509.-75–8 (fiduciary may rely on information "provided by other persons who perform purely ministerial functions" for the plan).

■ The court found that Bowen was not liable for the cost of arbitration because, even though he participated in the discussion leading up to the vote, that participation did not cause the deadlock which required arbitration. Plaintiffs' contention that Bowen is nevertheless liable under 29 U.S.C.A. § 1109(a) ignores the court's holding below. Section 1109(a) provides that a fiduciary who breaches his duties "shall be personally liable to make good to such plan any losses to the plan *resulting from* each such breach." (emphasis added). The court specifically stated: "Bowen's participation, although a breach of his fiduciary duty, did not cause the loss to the Fund." R. 1343.

For the reasons stated above, we hold that the award of attorneys' fees was properly granted, and costs of arbitration were properly denied. The decision of the district court is AFFIRMED.