MELLING FORGING COMPANY, a wholly owned SUBSIDIARY OF AVIS INDUSTRIAL, a Delaware corporation, Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, and its Local 724, Defendants.

No. G85–243 CA5.

United States District Court, W.D. Michigan, S.D.

June 24, 1986.

Foster, Wift, Collins & Coey by Timothy P. Greeley, Lansing, Mich., for plaintiff.

Jordan Rossen, Gen. Counsel, Ralph O. Jones, Associate Gen. Counsel, Detroit, for defendants.

## OPINION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT

HILLMAN, Chief Judge.

This matter is before the court on the parties' cross-motions for summary judgment under Fed.R.Civ.P. 56. On March 27, 1985, plaintiff, Melling Forging Company ("MFC" or the "Company"), filed this action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to vacate an arbitration award. Defendants are the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, and its Local 724 ("UAW" or "Unions").

### FACTUAL and PROCEDURAL BACKGROUND

During the fall of 1981 the parties engaged in labor negotiations, which resulted in a collective bargaining agreement. As part of those negotiations, the parties modified and extended the 1976 Melling Forging Company—UAW Retirement Income Plan ("1976 Pension Plan"). The parties finally executed those modifications in the Second Amendment to the 1976 Pension Plan on July 1, 1982. Specifically, the Second Amendment to the 1976 Pension Plan added section 3.12 to the 1976 Pension Plan. Section 3.12 provides for the deduction of workers' compensation payments from the benefits payable under the pension plan. Application of section 3.12 is the subject of this lawsuit.

Under the terms of the 1976 Pension Plan, a Pension Committee comprised of three Company representatives and three union representatives administers the pension plan. 1976 Pension Plan, § 9.01. In July, 1982, a dispute arose between the Company and union representatives on the Pension Committee concerning the application of section 3.12. The Pension Committee deadlocked three to three regarding whether the Pension Committee should reduce the pension benefits of employees who retired before January 1, 1982, by the amount of workers' compensation received. The parties then appointed Elliot Beitner as arbitrator and "impartial chairman" of the Pension Committee in order to resolve their deadlock. The parties "agreed that the decision of ... [A]rbitrator [Beitner] shall be the final decision of the [Pension] Committee and that there is no need for a formal meeting of the [Pension] Committee to break the deadlock. Therefore, the decision of Arbitrator Beitner shall become the decision of the [Pension] Committee."

An evidentiary hearing was held before Arbitrator Beitner on January 8, 1985. The parties, represented by counsel, presented oral testimony and exhibits. The parties also filed post-hearing briefs with the arbitrator. On February 21, 1985, Arbitrator Beitner issued a detailed and lengthy written opinion. In brief, the arbitrator found that "[s]ection 3.12 of the Pension Plan (the workers' compensation deduction provision) applies only to employees who retired on or after January 1, 1982, the effective date of that provision, and not to those who retired prior to that date. Therefore, the two affected individuals, Dewitt White and Wayne Shields, cannot have their pensions reduced and are entitled to be paid their full pension benefits and to be reimbursed for the amounts deducted for a workers' compensation offset." *In re Melling Forging Pension Arbitration*, at 26 (February 21, 1985).

On March 27, 1985, plaintiff filed this action to vacate the arbitrator's award and to allow plaintiff to offset the pension benefits received by any individual who retired on or after January 1, 1976 by any workers' compensation received. In addition to their answer, defendants have filed a counter-claim against plaintiff. Defendants allege that plaintiff has breached its fiduciary duties under the Employee Retirement Income Security Act ("ERISA").

Pursuant to Fed.R.Civ.P. 56(a), plaintiff moves for summary judgment on its claim against defendant Unions. Defendant Unions, pursuant to Fed.R.Civ.P. 56(b), move for summary judgment in their favor on plaintiff's claim. Furthermore, defendant Unions move for summary judgment on their counterclaim against plaintiff under Fed.R.Civ.P. 56(a). I shall consider the parties' cross-motions for summary judgment on plaintiff's claim separately from defendants' motion for summary judgment on their counterclaim.

### DISCUSSION

On a motion for summary judgment, movant bears the burden of showing conclusively that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.1979); *Tee–Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193 (6th Cir.1974). In determining whether issues of fact exist, "the inferences to be drawn from the underlying facts contained in [the affidavits, attached exhibits and depositions] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). A court may not resolve disputed questions of fact in a summary judgment decision, and if a disputed question of fact remains, the district court should deny the motion, and proceed to trial. *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir. 1976). These principles guide the following discussion.

A. *The Parties' Cross–Motions for Summary Judgment on Plaintiff's Action to Vacate the Arbitrator's Award.*

Federal courts have long possessed authority to enforce, modify, or vacate arbitration awards. 9 U.S.C. §§ 9–11. The United States Supreme Court in the *Steelworkers Trilogy* cases "clarified the judiciary's role in the specific context of labor arbitration pursuant to collective bargaining agreements." *National Post Office v. U.S. Postal Service*, 751 F.2d 834, 840 (6th Cir.1985). In *Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960), the Court admonished lower federal courts that:

"the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

The Court in *Steelworkers v. Enterprise Corp.*, however, imposed limitations upon the deference owed an arbitrator's decision. The Court held that an arbitrator's "award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *Steelworkers v. Enterprise Corp.*, 363 U.S. at 597, 80 S.Ct. at 1361. In light of these broad principles, the Court of Appeals for the Sixth Circuit has stated that "an arbitrator's decision is entitled to great deference and generally should be upheld absent irrationality or disregard of plain and unambiguous language in the agreement." *National Post Office v. U.S. Postal Service*, 751 F.2d 834, 840 (6th Cir.1985). *See also Morgan Services, Inc. v. Local 323, Chicago & Central States*, 724 F.2d 1217, 1221–22 (6th Cir. 1984). In this case, the parties agree that the sole issue with respect to plaintiff's action to vacate the arbitrator's award is whether the arbitrator has disregarded the plain and unambiguous language of section 3.12 of the Pension Plan in finding that the workers' compensation offset does not apply to pre-January 1, 1982 retirees.

■ After carefully reviewing the parties' well written briefs, the arbitrator's opinion, and the terms of the Second Amendment to the 1976 Pension Plan, I find that the arbitrator has not disregarded the plain and unambiguous language of the Pension Plan in limiting the application of section 3.12 to post-January 1, 1982 retirees. Instead, I find that the arbitrator's award draws its essence from the Pension Plan. I base these conclusions on the following arguments.

First, section 3.12 does not explicitly specify whether pension benefits of pre–1982 retirees shall be offset by workers' compensation benefits. Section 3.12 provides the following.

"Notwithstanding the provisions of this Article Three, in determining the benefits payable under the Plan, a deduction shall be made unless prohibited by law equivalent to all or any part of Worker's Compensation (including compromises or redemption settlements) payable to any Employee by reason of any state or federal law which has been or shall be enacted provided that such deduction shall be to the extent that such Worker's Compensation has been provided by premiums, taxes, or other payments paid by or at the expense of the Company, except that no such deduction shall be made for Worker's Compensation payments, specifically allocated for hospitalization or medical expense."

On its face, therefore, section 3.12 fails to answer whether pre–1982 retirees shall have their pension benefits offset by their workers' compensation benefits.

Second, although section 3.12 applies to "any employee," the term "any employee," as used in section 3.12, does not clearly and unambiguously include pre–1982 retirees. Section 1.13 of the Pension Plan defines employees in the following manner.

"Employee as used in this Pension Plan Agreement shall mean Employee as defined in the basic Collective Bargaining Agreement between the Company and the Union and shall include any such Employee who was employed by the Company or on the seniority roll on or after the Effective Date."

Section 1.13 apparently establishes two conflicting definitions of an employee. First, section 1.13 in its first predicate clause provides that the definition of employee found in the collective bargaining agreement should control. Article IV, section 8(f)(1) of the collective bargaining agreement specifies that an individual, upon retirement, is no longer considered an employee. Section 8(f)(1) specifically provides that "[a]n employee who retires, or who is automatically retired under the terms of the Pension Plan, shall cease to be an employee and shall have his seniority cancelled." On the other hand, section 1.13 in its second predicate clause appears to establish that an individual employed or on the seniority roll on or after January 1, 1976, the effective date of the 1976 Pension Plan, is forever an "employee" regardless of the date of his subsequent retirement. Plaintiff contends that this latter interpretation of section 1.13 is correct. The arbitrator, however, rejected plaintiff's contention based on the language of section 1.13 and other provisions of the Pension Plan, and general principles of contract interpretation. The arbitrator found that the collective bargaining agreement's exclusion of retired employees from its definition of employees controlled the definition of employees under section 1.13 of the Pension Plan. The arbitrator's interpretation of section 1.13 is clearly a permissible interpretation, if not the best interpretation. *See Retail Clerks Union Local No. 1557 v. Murfreesboro Vending Service, Inc.*, 689 F.2d 623, 626 (6th Cir.1982). In addition to the reasons offered by the arbitrator, a cursory examination of the language of section 1.13 reveals that the definition of employee found in the collective bargaining agreement should control rather than the second predicate clause of section 1.13. The language beginning the second predicate clause of section 1.13, "and shall include *any such* employee," demonstrates that the second predicate clause only builds upon the definition of employee found in the first predicate clause rather than establishing a separate definition of employee. Therefore, an individual is not an "employee" under section 1.13 if the collective bargaining agreement excludes that individual from its definition of an "employee."

Third, the effective date of section 3.12 and the other provisions of the Second Amendment to the 1976 Pension Plan was January 1, 1982. Accordingly, it is certainly a permissible interpretation to find that section 3.12 only applies to individuals who were employed by plaintiff on or after January 1, 1982.

In summary, the arbitrator has not disregarded the plain and unambiguous language of section 3.12 or any other provi-

sion of the Pension Plan by limiting the application of section 3.12 to post-January 1, 1982 retirees. Under such circumstances, I must enforce the arbitrator's award. *See W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 764–65, 103 S.Ct. 2177, 2182–83, 76 L.Ed.2d 298 (1983); *Morgan Services, Inc. v. Local 323, Chicago & Central States,* 724 F.2d 1217, 1220 (6th Cir.1984). Consequently, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment on plaintiff's claim is granted.

B. *Defendants' Motion for Summary Judgment on their Counterclaim.*

■ On April 24, 1985, defendant Unions filed a counterclaim against plaintiff. In short, defendants allege that plaintiff, in its role as a fiduciary of the Pension Plan, has breached its fiduciary duty under 29 U.S.C. § 1104(a)(1)(D) by refusing to implement the arbitrator's award. Defendants now move for summary judgment on their counterclaim, pursuant to Fed.R.Civ.P. 56(a).

29 U.S.C. § 1104(a)(1)(D) requires a fiduciary of a pension plan to comply with the documents and instruments governing the pension plan. Specifically, section 1104(a)(1)(D) in part provides the following.

"[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter or subchapter III of this chapter."

Pursuant to 29 U.S.C. § 1132(a)(2) & (3), a "participant, beneficiary, or fiduciary" may bring a civil action to remedy violations of section 1104(a)(1)(D).[1]

In their counterclaim against plaintiff, defendant Unions maintain that plaintiff has violated section 1104(a)(1)(D) by refusing to comply with the arbitrator's award to reimburse Dewitt White and Wayne Shields for the amounts deducted

from their pension benefits under section 3.12 of the Pension Plan. To support their claim, defendant Unions rely principally upon the interpretation of 29 U.S.C. § 1104(a)(1)(D) by the Court of Appeals for the Eleventh Circuit in *Ironworkers Local No. 272 v. Bowen,* 695 F.2d 531 (11th Cir. 1983). In *Bowen,* the court of appeals held that trustees of a pension plan automatically breach their fiduciary duty under 29 U.S.C. § 1104(a)(1)(D) by refusing to comply with an arbitrator's decision when the documents and instruments governing the pension plan demand compliance with an arbitrator's decision. *Bowen,* 695 F.2d at 535. The court of appeals explained its holding in the following manner.

"As the Court pointed out in the prior appeal [of this case], under the fund's Agreement and Declaration Trust trustees must comply with an arbitrator's decision. Further, [s]ection 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D), requires fiduciaries to act 'in accordance with the documents and instruments governing the plan.' Therefore, the refusal to comply with an arbitrator's decision is automatically a breach of fiduciary duty."

*Id.*

In this case, the parties agree that plaintiff is a fiduciary of the Pension Plan within the meaning of ERISA. *See* 29 U.S.C. § 1002(21)(A). Furthermore, I assume, without finding, that defendant Unions are fiduciaries, participants, or beneficiaries such that they may bring a civil action under 29 U.S.C. § 1132(a). Nonetheless, at this stage of the proceedings, the factual record before the court is inadequate to warrant summary judgment on defendant Unions' counterclaim. Specifically, the current record does not reveal whether the "documents and instruments" governing the Pension Plan require plaintiff to comply with the arbitrator's decision before seeking relief in this court. Unlike the basic pension plan and trust agreement in

---

1. Defendants also allege that this court has jurisdiction pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In their motion for summary judgment on their counterclaim, however, defendants rely exclu-

sively upon plaintiff's alleged violation of 29 U.S.C. § 1104(a)(1)(D) rather than any violation of 29 U.S.C. § 185. Accordingly, I express no opinion regarding the merits of any potential claim by defendants under 29 U.S.C. § 185.

**1396**

*Bowen,* the Pension Plan involved in this case does not explicitly demand compliance with the arbitrator's decision. Instead, the Pension Plan only establishes a mechanism by which the Pension Committee may select an arbitrator to resolve any deadlocks. 1976 Pension Plan, § 9.01. Consequently, defendants must look to the parties' January, 1985 agreement to submit this dispute to arbitration as the source of any obligation upon plaintiff to comply with the arbitrator's decision.

The parties' agreement of January 8, 1985 establishes "the decision of the arbitrator ... [as] the final decision of the [Pension] Committee." The Pension Plan specifies that the final decision of the Pension Committee shall be binding upon the parties. 1976 Pension Plan, § 9.09. Therefore, reading the January, 1985 agreement in conjunction with section 9.09 of the Pension Plan, it appears that plaintiff is under a duty to comply with the arbitrator's decision as the trustees were in *Bowen.* The current record, however, does not reveal whether the January, 1985 agreement constitutes a "document or instrument governing the Pension Plan" within the meaning of 29 U.S.C. § 1104(a)(1)(D). The record fails to reveal whether the parties possessed the legal capacity under the Pension Plan to adopt the January, 1985 agreement as a document or instrument governing the pension Plan. Furthermore, the record fails to reveal whether the parties intended the January, 1985 agreement to serve such a purpose. Therefore, summary judgment on defendant Unions' counterclaim is inappropriate. *See White v. Thomas,* 660 F.2d 680, 682–83 (5th Cir.1981) (finding summary judgment inappropriate where presented materials do not foreclose the possibility of a factual dispute).

Consequently, defendants' motion for summary judgment on their counterclaim is denied.

### SUMMARY

With respect to plaintiff's action to vacate the arbitrator's award, plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted.

With respect to defendants' counterclaim for breach of fiduciary duty, defendants' motion for summary judgment is denied.

