**Earline H. DIXON, Plaintiff–Appellant,**

v.

**SEAFARERS' WELFARE PLAN,
Defendant–Appellee.**

No. 89–7119
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1989.

Raymond A. Pierson, Mobile, Ala., for plaintiff-appellant.

John C. Falkenberry, Birmingham, Ala., for defendant-appellee.

Before HILL, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Earline M. Dixon appeals the district court's decision to deny her application for an award of attorney's fees under the relevant provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. A. § 1132(g). For the reasons stated below, we conclude that the district court's decision should be affirmed.

Dixon originally filed suit seeking death benefits under the Seafarers' Welfare Plan (SWP), a multi-employer labor-management trust fund within the meaning of ERISA, 29 U.S.C.A. § 1001 *et seq.* Although Dixon's son was covered by the plan on the date of his death, SWP refused to pay out benefits to Dixon because it was the plan's "policy" to deny death benefits when the employee died by committing suicide. The district court concluded that SWP's action was arbitrary and capricious and that the death benefits section of the plan contained no exclusion for suicide. Thus, the district court granted Dixon's motion for summary judgment and a judgment of $20,000.00 was entered for Dixon. In a subsequent order, the district court denied her request under 29 U.S.C.A. § 1132(g) for $5,082.75 in attorney's fees.

Section 1132(g) of ERISA provides as follows:

> In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

While this Court has acknowledged that ERISA's "essential remedial purpose [is] to protect the beneficiaries of private pension plans," *Nachwalter v. Christie,* 805 F.2d 956, 962 (11th Cir.1986), the Court has not adopted a presumption in favor of granting attorney's fees to a prevailing beneficiary. *See McKnight v. Southern Life and Health Ins. Co.,* 758 F.2d 1566, 1572 (11th Cir.1985) (rejecting argument that because Section 1132(g) is part of remedial scheme, it should be liberally construed in favor of prevailing plan participant). Instead, this Court has interpreted the section to allow attorney's fees to be assessed against either party in accordance with the district court's discretion. *Id.*

■ In *Ironworkers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980), this Court's predecessor promulgated guidelines to assist the district courts in deciding whether to award attorney's fees under Section 1132(g):

> In deciding whether to award attorney's fees to a party under section 502(g),

therefore, a court should consider such factors as the following: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 1266. This Court's review of the district court's analysis of the *Bowen* factors is limited to reversing the district court only when there has been a clear abuse of discretion. *See Fine v. Semet,* 699 F.2d 1091, 1095 (11th Cir.1983) ("This standard of review permits an area of decision in which a district court could go either way without reversal on review.") (citing *Johnson v. Mississippi,* 606 F.2d 635, 637 (5th Cir.1979)). The *Bowen* Court identified these five factors as "nuclei of concern" and stated that no one factor was necessarily decisive. *Bowen,* 624 F.2d at 1266.

■ In *McKnight,* this Court reviewed the denial of attorney's fees in a case with facts similar to Dixon's. McKnight was employed by Southern Life for three isolated segments of time before he finally retired. Upon his retirement, the administrator of Southern Life's pension plan determined that McKnight was entitled to pension benefits only for his last period of employment. McKnight then brought suit under ERISA, challenging the plan administrator's failure to provide retirement benefits for his previous periods of employment. Based on its interpretation of the pension plan and the summary provided to employees, the district court held that McKnight was entitled to benefits for all three periods of employment.

However, the district court denied McKnight's request for attorney's fees under Section 1132(g) for the following reasons. First, although Southern Life erred in refusing to honor McKnight's rights, there was no evidence of bad faith. Sec-

ond, the district court found no evidence of either party's ability to satisfy an award of attorney's fees. Third, McKnight's action did not directly benefit others because he was seeking only individual benefits. Fourth, the district court found that both parties presented "substantial arguments," although McKnight's position ultimately prevailed. This Court concluded that these findings by the district court were adequate to support the conclusion that the district court was acting within the scope of its discretion in denying McKnight attorney's fees. *McKnight*, 758 F.2d at 1572.

Dixon also successfully challenged an administrator's interpretation of an employee benefits plan. Her request for attorney's fees, as in *McKnight*, was denied. In assessing the five *Bowen* factors, the district court found SWP in error but not guilty of bad faith. Second, the court found the record devoid of *any* evidence relative to either party's ability to satisfy an award of attorney's fees. Third, the district court found that Dixon neither sought to resolve a significant legal question regarding ERISA nor sought *directly* to benefit all beneficiaries of the plan. Fourth, the district court found that, while Dixon's position was stronger, both parties presented "substantial arguments." For these reasons, the district court ordered Dixon's petition for an award of attorney's fees denied. There was no abuse of discretion by the district court. We AFFIRM.