**HERCULES INCORPORATED, and Provident Life and Accident Insurance Co., Plaintiffs,**

v.

**Paul E. PAGES, Martha B. Pages, individually, and Martha B. Pages, as guardian for the estate of Megan Le Cher, a minor, Defendants.**

No. 92–1607–CIV–T 17B.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 8, 1993.

. Joseph D. McFarland, Joseph D. McFarland, P.A., St. Petersburg, FL, for plaintiffs.

Gerald Brenna Spurgin, Gregory & Spurgin, P.A., Tampa, FL, George William Greer, Clearwater, FL, for defendants.

## ORDER DENYING MOTION
## TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss Count II of the Complaint, filed November 23, 1992. Pursuant to Rule 12(b)(6), Fed.R.Civ.P., Defendant moves to dismiss for failure to state a claim upon which relief may be granted.

■ Rule 8(a), Fed.R.Civ.P., merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, . . . ." A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, must review a motion to dismiss in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974).

Count II of the Complaint for unjust enrichment alleges: Plaintiffs paid to or on behalf of the beneficiary, Megan Le Cher, sums for medical expenses and treatment totalling $63,781.35 under a federally qualified employee benefit plan; that said monies were to be repaid to Plaintiffs under the terms of the plan; that Defendants had actual knowledge of their obligation to repay said sums, and that Defendants failed to repay said sums.

■ The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. *Henry M. Butler, Inc. v. Trizec Properties, Inc.*, 524 So.2d 710, 712 (Fla. 2d DCA 1988) (citing 17 C.J.S. *Contracts*, § 6 (1955)). The above allegations construed in the light most favorable to Plaintiffs support a cause of action for unjust enrichment.

■ Defendants argue that the equitable doctrine of unjust enrichment is not available under ERISA. Defendants point out the reluctance of federal courts to fashion a federal common law doctrine of unjust enrichment when such a right would override a contractual provision. *Cummings v. Briggs & Stratton Retirement Plan*, 797 F.2d 383 (7th Cir.1986), *Van Orman v. American Insurance Company*, 680 F.2d 301 (3rd Cir. 1982). However, neither case precludes the use of the doctrine where it would further the provisions of the contract or ERISA. In fact, *Cummings* points out that "in appropriate circumstances, courts may develop a federal common law governing employee benefit plans in order to supplement the statutory scheme." *Cummings*, 797 F.2d at 390.

Defendants additionally cite *Morales v. Pan American Life Ins. Co.*, 718 F.Supp. 1297 (E.D.La.1989), which states that creation of a federal common law of unjust enrichment would be inconsistent with the terms and policies of ERISA. However, the court emphasized that ERISA provides that benefit plans must be maintained according to a written instrument. Moreover, it expressed concern that in allowing the plaintiffs to recover under the doctrine of unjust enrichment in that case would force the trustees of the plan to pay benefits which were not part of the written terms of the plan. Therefore, similar to the *Van Orman* and *Cummings* courts, the *Morales* court was reluctant to create a federal common law doctrine of unjust enrichment where it would override the provisions of a contract. It did not necessarily preclude federal courts from creating such a doctrine where it would further the provisions of a policy and ERISA.

The Fourth Circuit found it appropriate to fashion a federal common law doctrine of unjust enrichment in *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985 (4th Cir. 1990), a case factually similar to the case at bar. In *Waller*, the defendant beneficiary was injured in an auto accident where she was not at fault. The plaintiff insurance company advanced the defendant beneficiary $5,922.53 in medical expenses, in spite of the

fact that the beneficiary had not signed a repayment agreement according to the terms of the plan's "Acts of Third Parties" provision. The provision contemplated that the beneficiary would repay in full any sums advanced by the insurance company that the beneficiary was subsequently awarded in a judgement or settlement against a third party. The defendant beneficiary subsequently recovered damages from the third party driver in excess of the monies advanced by the plaintiff, and refused to reimburse the company.

The court found that despite the fact the plaintiff company failed to obtain a signed agreement of repayment from the defendant, the plan clearly intended the repayment of the advanced sums. It held that in this case the creation of a common law doctrine of unjust enrichment would further the contract between the parties and effectuate the intent of the "Acts of Third Parties" provision. Therefore a cause of action for unjust enrichment exists under federal common law where a plan under ERISA would be furthered by the doctrine.

In their memorandum in support of their motion to dismiss Count II of the complaint, Defendants attempt to distinguish the *Waller* case on the basis that the policy in *Waller* contained an "Acts of Third Parties" provision. Plaintiffs in the case at bar have not alleged that the policy in question contains an "Acts of Third Parties" provision, and Defendants have specifically alleged that the policy in question does not contain such a provision. However, the standard in determining a motion to dismiss basically asks if the facts alleged in the complaint support a cause of action. The *Waller* court based its decision to create a doctrine of unjust enrichment in favor of the insurance company on the fact that the doctrine would advance the provisions of the contract. It did not state that unjust enrichment would only be available to advance the terms of an "Acts of Third Parties" provision.

Plaintiffs have alleged that the monies advanced to Defendants were to be repaid to Plaintiffs under the terms of the plan. Assuming this allegation is true, the plan would be furthered by the doctrine of unjust enrich-

ment requiring the Defendants to repay the advanced sums. Furthermore, Defendants themselves have cited plan language which arguably contemplates the repayment of the sums advanced to Defendants. Therefore a cause of action for unjust enrichment would lie in this instance.

Plaintiffs have alleged facts sufficient to support a cause of action for unjust enrichment. Accordingly, it is

ORDERED that Defendant's motion to dismiss Count II of the complaint be DE-NIED.

DONE AND ORDERED.