**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Thelma SOLOMON, Defendant.**

**No. 96–2202–CIV–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

March 18, 1998.

Lee W. Marcus, Unger, Swartwood, Latham, Whitaker & Indest, P.A., Orlando, FL, Gregory D. Swartwood, Unger, Smartwood, Latham & Indest, P.A., Orlando, FL, for Plaintiff.

Marcus A. Castillo, Haas & Castillo, P.A., Clearwater, FL, for Defendant.

### AMENDED ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment (Dkt.22), Plaintiff's response (Dkt.26), Plaintiff's Motion for Summary Judgment (Dkt.18), and Defendant's response (Dkt.27).

### STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue of material fact since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof. *Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. That burden can be discharged by "showing ... that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 323, 325.

Issues of fact are genuine "only if a reasonable jury considering the evidence presented could find for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *Id.* at 248.

In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979) (quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969)).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982).

### STATEMENT OF FACTS

Plaintiff Metropolitan Life Insurance Company (hereinafter "Plaintiff") brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Plaintiff seeks to recover funds in the amount of $61,796.00 which it mistakenly sent to Defendant Thelma Solomon.

Defendant was employed by Paradyne Corporation ("Paradyne") and was covered under its Long Term Disability Insurance Plan (the "Plan"). Travelers Indemnity Company of Rhode Island ("Travelers") insured the Plan, and administered its claims prior to 1995. In 1995, Plaintiff purchased Travelers long-term disability insurance business, and took over for Travelers as the insurer and claims administrator of the Plan. ERISA governs the Plan. The Summary Plan Description Booklet (the "SPD") contains the terms and conditions of the Plan and describes the manner in which Plaintiff must handle claims submitted under the Plan.

Defendant received long-term disability benefits under the Plan from approximately December 1986 through April 1989, because of diagnoses of bilateral tendinitis in Defendant's hip, and frozen shoulder syndrome, left glenohumeral joint. On February 24, 1989, Travelers advised Defendant that it was terminating her long-term disability benefits because Defendant no longer fit the

definition of being totally disabled, according to Defendant's treating doctor.

The February 24, 1989 letter also advised Defendant of her right to appeal Travelers' decision. Defendant and her attorney appealed Travelers' decision, and on February 28, 1990, Travelers informed Defendant and her attorney by letter that Travelers had upheld its decision to terminate Defendant's benefits. The February 28, 1990 letter also included the reason for the denial of benefits, and advised Defendant to submit further information if she desired Travelers to reconsider her claim. Travelers heard nothing further from Defendant regarding the termination of Defendant's benefits. Defendant did not receive benefits from Travelers or Plaintiff from April, 1989 through June, 1996.

On July 26, 1996, Plaintiff issued a check to Defendant in the amount of $61,796.00, as the result of a clerical mistake. Plaintiff notified Defendant by letter on August 7, 1996, that Plaintiff had issued the payment by mistake, and that Defendant was not entitled to benefits. Plaintiff requested return of the check by letter on August 7, 1996 and September 6, 1996. Plaintiff also sent an independent claims adjuster to Defendant's house on September 9, 1996, in an attempt to retrieve the $61,796.00. Defendant informed the claims adjuster that she would not return the check.

Plaintiff seeks reimbursement of the $61,796.00 mistakenly issued funds, pre-judgment interest, reasonable attorneys' fees and costs of this suit.

### DISCUSSION

A. Defendant's Motion for Summary Judgment

Defendant argues that this case does not meet the requirements for restitution under ERISA, and her Motion for Summary Judgment should be granted. Defendant contends that because she engaged in no inequitable conduct or misrepresentation to receive the check, Plaintiff is not entitled to restitution of the funds. Defendant states that she believed she was entitled to the funds because an administrative judge previously determined that she qualified for social security

benefits because of her total disability. Defendant contends her motion for summary judgment should be granted because Plaintiff has not alleged, and cannot prove, that Defendant used improper means to procure the benefits.

■ This Court previously addressed the elements of an unjust enrichment claim under ERISA in *Hercules, Inc. v. Pages,* 814 F.Supp. 79, 80 (M.D.Fla.1993). The Court stated that the required elements are: "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Id.* at 80 (citing *Henry M. Butler, Inc. v. Trizec Properties, Inc.,* 524 So.2d 710, 712 (Fla.2d Dist.Ct.App.1988)).

■ According to this analysis, Plaintiff does not need to prove any wrongdoing by Defendant in *procuring* the benefits, only that *retaining* the benefits would be inequitable. Two other circuits have addressed the mistaken payment issue. In *Luby v. Teamsters Health, Welfare, and Pension Trust Funds,* 944 F.2d 1176, 1186 (3d Cir.1991), the Third Circuit stated that, in an action for unjust enrichment, "restitution of a mistaken payment is permitted even if payment was caused by the negligence of the party seeking restitution." The Fourth Circuit also allowed an ERISA fund to recover money mistakenly paid, even though the fund's own negligence caused the overpayment and unjust enrichment. *See Provident Life & Accident Insurance Co. v. Waller,* 906 F.2d 985 (4th Cir.1990).

■ Defendant next asserts that summary judgment should be granted in her favor because of an administrative judge's findings that Defendant is totally disabled and has been since 1989 when Plaintiff terminated Defendant's benefits. Defendant asserts that because she believed she was entitled to the long-term disability benefits when Plaintiff's check arrived, she was not *unjustly* enriched.

As Plaintiff asserts in its Memorandum in Opposition to Defendant's Motion for Summary Judgment, the findings of the administrative judge are irrelevant for several reasons. First, the administrative judge made his findings two years after Plaintiff reviewed Defendant's appeal. Second, an ERISA plan administrator does not have to consider findings of the Social Security Administration. *Madden v. ITT Long–Term Disability Plan,* 914 F.2d 1279 (9th Cir. 1990), *cert. denied,* 498 U.S. 1087, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991). The third reason the administrative judge's findings are irrelevant is that the judge made his findings under a different benefit system with a different definition of disability. The judge's duty was to determine if Defendant was disabled under the definition of disability of the Social Security Administration, not under the Plan's definition of disability.

Therefore, Defendant's Motion for Summary Judgment must be denied. Plaintiff is not required to prove that Defendant obtained the check by improper motives; Plaintiff is only required to prove that it would be inequitable to allow Defendant to retain the funds. Also, the findings of the administrative judge are immaterial to this case because the judge made his decision after Plaintiff terminated Defendant's benefits, the judge's findings would not be binding on this Court, and the judge worked with a different definition of disability than the Plan's definition.

**B. Plaintiff's Motion for Summary Judgment**

■ Plaintiff bases its Motion for Summary Judgment on two theories: enforcement of Plan provisions and unjust enrichment. Plaintiff also seeks reimbursement of attorneys' fees and costs plus pre-judgment interest.

Plaintiff argues that the Plan provisions allowed Defendant to bring suit within three years to challenge the termination of her benefits unless state law allowed her a longer time. Florida law allows five years to sue for breach of written instruments. *See* Fla. Stat. § 95.11(2)(b)(1989). Since Defendant was a Florida resident, she had five years in which to challenge the termination. Because Defendant failed to bring suit within the five years allowed, the statute of limitations expired, and Defendant violated the Plan provisions by keeping the erroneously-issued check.

Plaintiff argues that because the Plan only pays benefits to totally disabled participants, Defendant violated the Plan's terms by not appealing her benefit termination within the statute of limitation and then keeping the erroneous check. Plaintiff also argues that it would be inequitable to allow Defendant to keep the check and this Court should order Defendant to pay restitution to Plaintiff.

Plaintiff contends that the SDP governs its relationship with Defendant. The SDP states that it will pay benefits during times of total disability, subject to other criteria such as waiting periods. The SDP specifically states that if an eligible employee stops being totally disabled, benefits will also stop at that time. *See SDP,* p. 7. The SDP also allows Travelers to ask for written proof that total disability still exists and is continuous. The SDP also advises that this information may be asked for more than once and as needed. *See SDP,* p. 9. The claim denial appeal procedures are listed in the SDP as well as the criteria for bringing legal actions. The criteria state that the claimant may not sue on the claim after three years from when proof of loss has been given to Travelers, but provide for an extension if state law requires a longer time. *See SDP,* p. 11.

Plaintiff argues that, by keeping the erroneously-issued check, Defendant is in effect challenging the termination of benefits from 1989 by her assertion that since an administrative judge declared her totally disabled for Social Security purposes, she is also entitled to long-term disability benefits from the Plan. Plaintiff further argues that Defendant's challenge of the benefits termination violates the written contract governing its relationship with Defendant because Defendant's challenge comes two years too late, and the statute of limitations bars Defendant's actions.

Since Plaintiff no longer pays Defendant benefits, Plaintiff can not recoup the over-

payment from future checks. For Plaintiff to have a remedy against Defendant, it must be for restitution under a theory of unjust enrichment. As discussed earlier, this Court addressed unjust enrichment actions under ERISA in *Hercules, Inc. v. Pages,* 814 F.Supp. 79 (M.D.Fla.1993). The Court said that a federal common law cause of action for unjust enrichment exists under ERISA when it would further, not override, a provision of the plan. *See id.* at 81. Also in that case, the Court stated that the elements of a claim for unjust enrichment are: "(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant by such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *See id.* at 80 (citing *Henry M. Butler, Inc. v. Trizec Properties, Inc.,* 524 So.2d 710, 712 (2d Dist.Ct.App.Fla.1988)).

These three elements are met in this case without any genuine issues of material fact. First, Plaintiff conferred a benefit on Defendant in the form of the mistakenly-issued check. Defendant was not entitled to this check because of the lapse of the statute of limitations. Second, Defendant knew or should have known of the benefit, because Defendant knew Travelers had terminated her benefits in February, 1990, and Defendant had no further communication with them until the check arrived sometime after July 26, 1996. Also, Plaintiff first notified Defendant that the payment was erroneous three weeks after Defendant deposited the check. Third, Defendant accepted and retained the benefit by depositing the check into her account even after being advised that Plaintiff wanted the check returned.

The circumstances surrounding Defendant's acceptance and retention of the funds show that it would be inequitable to allow her to retain the check. In *Luby v. Teamsters Health, Welfare, and Pension Trust Funds,* 944 F.2d 1176 (3d Cir.1991), the Third Circuit discussed the goals of ERISA and noted that the purpose of ERISA was to "safeguard" the employer contributions set aside under the Plan for valid employee beneficiaries. The Third Circuit held that restitution was

appropriate where it would further ERISA's goals, even if the party seeking reimbursement was the one whose negligence caused the overpayment. *See id.* at 1186–87. In this case, by allowing Defendant to keep the check, other disabled Paradyne employees would lose out on benefits. Defendant, in contravention of the statute of limitations, would gain $61,796.00 in benefits which Plaintiff did not owe Defendant, and other employees would have less money available from which to draw valid disability benefits. This would result in a windfall to Defendant, and would be a miscarriage of justice for other disabled Paradyne employees. Defendant failed to show any genuine issues of material fact other than her defense of entitlement to benefits, which has already been determined immaterial.

Because ordering restitution would further the Plan's contract provision prescribing time periods for suits and would not override it, Plaintiff's Motion for Summary Judgment is hereby partially granted with regards to the mistakenly-issued check and interest which has accrued from the time Defendant placed the funds in an interest-bearing escrow account.

■ Plaintiff's request for reasonable attorneys' fees and costs is denied. 29 U.S.C.A. § 1132(g)(1) states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In *Dixon v. Seafarers' Welfare Plan,* 878 F.2d 1411 (11th Cir.1989), the court noted that the Eleventh Circuit has not construed 29 U.S.C.A. § 1132(g)(1) as creating a presumption for awarding attorney fees to the winning party. The district court has discretion to award fees to either party.

In *Dixon,* the Eleventh Circuit also outlined five factors for district courts to consider when deciding whether to grant attorneys' fees. *See id.* at 1412. The five factors are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting in similar circumstances; (4) whether the parties requesting attorneys' fees sought

**1478**

to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*See id.* at 1412 (quoting *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980)). The *Dixon* court also noted that none of the factors carries more weight than the others. *See id.* at 1412.

In this case, Plaintiff has not shown that Defendant acted in bad faith in keeping the funds. At the time Defendant received the check, she states she thought she was entitled to it. Second, Plaintiff did not address the ability of the Defendant to satisfy an award of attorneys' fees; however, it appears from the record that Defendant and her husband have a severely restricted income because both receive disability payments. Third, Plaintiff presented no evidence whether awarding attorneys' fees against Defendant would deter other similarly situated Defendants. Plaintiff did not allege whether it has mistakenly issued payments after the statute of limitations on other claims, or whether other insurance companies have encountered similar situations. Fourth, Plaintiff did not address whether it acted on behalf of all participants and beneficiaries of an ERISA fund. Also, this case does not seem to involve a significant legal question regarding ERISA. Finally, while Plaintiff's position had more legal merit than Defendant's position, Plaintiff's clerical error caused the check which started the controversy to be issued. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment of Defendant Thelma Solomon (Dkt.22) is **denied**; the Motion for Summary Judgment of Plaintiff Metropolitan Life Insurance Company is **granted** with respect to the $61,796.00 and interest, and **denied** with respect to attorneys' fees and costs. The Clerk of Court shall enter final judgment in favor of Plaintiff.