**Francis W. LABRACHE, Jr., Plaintiff,**

v.

**AMERICAN MARITIME OFFICERS PENSION PLAN, Defendant.**

No. 97–2802–Civ–T–17B.

United States District Court,
M.D. Florida,
Jacksonville Division.

April 19, 1999.

Michael James Canan, Gray, Harris & Robinson, P.A., Orlando, FL, John J. Chamblee, Jr., Thomas Loraine Johnson, Law Office of John J. Chamblee, Jr., Tampa, FL, Nicholas E. Karatinos, Seeley & Karatinos, P.A., St. Petersburg, FL, for Francis W. Labrache, Jr., plaintiff.

Mark Frederick Kelly, Kelly & McKee, P.A., Tampa, FL, Joan Ebert Rothermel, Sean Moynihan, Brian G. Cesaratto, Klein, Zelman, Rothermel & Dichter, L.L.P., New York City, for American Maritime Officers Pension Plan, defendant.

***ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING PENALTY DAMAGES UNDER ERISA, ATTORNEY FEES AND COSTS; PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIMS FOR DEEP SEA PENSION BENEFITS AND FOR PENSION CREDIT FOR HIS VACATION TIME; AND DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING COUNT II OF THE COMPLAINT, AND FOR ATTORNEY'S FEES AND COSTS***

KOVACHEVICH, District Judge.

THIS CAUSE came before the Court on: (1) Plaintiff's, FRANCIS W. LA-

BRACHE, JR. ("LaBrache"), Motion for Partial Summary Judgment, (Docket No. 9), filed on November 23, 1998, and response thereto, (Docket No. 15); (2) Plaintiff's Motion for Partial Summary Judgment on December 28, 1998, (Docket No. 16), and response thereto, (Docket No. 23); (3) Defendant's, AMERICAN MARITIME OFFICER'S PLAN ("AMO"), Motion for Partial Summary Judgment Dismissing Plaintiff's Claims for Deep Sea Pension Benefits and for Pension Credit for his Vacation Time, (Docket Nos. 18 & 19), filed on December 28, 1998, and response thereto, (Docket No. 27); and (4) Defendant's Motion for Partial Summary Judgment dismissing Count II of the Complaint, and for Attorney's Fees and Costs, (Docket No. 21), filed on December 28, 1998, with a response thereto (Docket No. 26). Plaintiff's complaint seeks relief of unpaid benefits due under the AMO Pension Plan. (Docket No. 1).

### STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on·file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

> The plain language of Rule 56(c) mandates that the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue of material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which that party has the burden of proof.

*Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *See id.* That burden can be discharged by "showing ... that there is an·absence of evidence to support the non-moving party's case." *See id.* at 323, 325, 106 S.Ct. 2548.

Issues of fact are " 'genuine' only if a reasonable jury considering the evidence presented could find for the· non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *See id.* at 248, 106 S.Ct. 2505.

In determining whether a material fact exists, the court must consider all the evidence in a light most favorable to the non-moving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979).

Although factual disputes preclude summary judgment, the "mere possibility that factual disputes may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of "nothing more than a repetition of his conclusion allegations" summary judgment is not only proper but also required. *See Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982).

## BACKGROUND

After exhaustion of an administrative remedy, by appealing his case before a subcommittee of the Board of Trustees of AMO, the plaintiff presented the instant cause of action. It was filed with the Clerk of the Court for the Middle District of Florida on November 21, 1997. (Docket No. 1). The defendant responded to the cause of action with an answer to the complaint on January 21, 1998. (Docket No. 4). On November 23, 1998, the plaintiff filed a Motion For Partial Summary Judgment, (Docket No. 9), arguing for penalty damages under the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") with attorney fees and costs.

The plaintiff alleges that AMO acted with deliberate knowledge to deceive and frustrate the plaintiff's case. (Docket No. 1). More specifically, LaBrache alleges AMO: (1) failed to respond to requests for information, (2) refused to send prompt or truthful responses to requests, (3) retroactively applied an amendment, and (4) acted in bad faith. (Docket No. 9).

On December 28, 1998, the Clerk of the U.S. District Court for the Middle District of Florida received a copy of the Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment. (Docket No. 15).

On December 28, 1998, the defendant filed a motion for partial summary judgment for dismissal of Count II of the complaint, and for attorney fees and costs. (Docket No. 16). Plaintiff responded in opposition on January 8, 1999. (Docket No. 23). The defendant's motion addressed three areas of concern: (1) a dismissal for failure to supply documents accurately and effectively (also known as Count II of the complaint), (2) a dismissal of the entire action, because one cannot recover from the plan itself only a plan administrator, and (3) relief for attorney fees and costs. (Docket No. 16).

Also on December 28, 1998, the defendant filed a second motion for partial summary judgment for dismissal of plaintiff's claims for deep-sea pension benefits and for pension credit for his vacation time. (Docket Nos. 18 & 19). Plaintiff's response in opposition to the motion was filed on January 29, 1999. (Docket No. 27).

Lastly, the plaintiff filed its second motion for partial summary judgment on December 28, 1998. (Docket No. 21). The motion asked for relief on six grounds: (1) defendant failed to comply with ERISA, (2) defendant failed to follow its own rules, (3) defendant retroactively applied an improper amendment of company rules, (4) defendant improperly denied vacation day credit, (5) defendant improperly denied credit as a union official, and (6) defendant improperly denied plaintiff's entitlement to a lump sum benefit. (Docket No. 21). The defendant responded to the plaintiff's motion on January 29, 1999. (Docket No. 26).

The Plaintiff's Complaint and motions allege the following:

1. Mr. LaBrache is a qualified participant in the Plan, which is a defined benefit plan under ERISA and provides benefits to Plan beneficiaries based upon years of service, level of compensation, and type of service. (Docket No. 1, Paragraph 6).

2. Mr. LaBrache is a retired member of the AMO. In June 1965, Mr. LaBrache became a member of the predecessor of the AMO, District 2, Maritime Engineers Beneficial Association ("MEBA"). He also at that time became a member of the District 2 MEBA Pension Plan, the predecessor of the Plan. (Docket No. 1, Paragraph 8).

3. Mr. LaBrache was an active member of the AMO or its predecessor from June, 1965 until his retirement in October 1994. Since that time, he has been a retired member of the AMO. (Docket No. 1, Paragraph 9).

4. From 1965 to 1972 Mr. LaBrache worked as a third, second, or first engineer, licensed by the U.S.C.G., for Hudson Waterways Corporation ships carry-

ing supplies across the Pacific to the troops in Vietnam. Hudson Waterways Corporation paid pension contributions for Mr. LaBrache at deep-sea rates. (Docket No. 1, Paragraph 10).

5. From 1972 until his retirement in 1994, Mr. LaBrache worked as either a licensed first engineer or chief engineer on ocean going, deep sea, Class "A" tugs. The tugs were used to either tow or push large, single barges carrying as much cargo as mid-sized ships across large bodies of water such as from Florida to Puerto Rico and/or Jamaica, or from the Gulf of Mexico around Florida to New England. (Docket No. 1, Paragraph 11).

6. When ocean-going tugs began to be used to haul cargoes across large bodies of water as a substitute for large tankers and freighters, the pensions of their workers were at the inland rate used for harbor tugs. This rate was substantially lower than that received by deep sea licensed marine engineers who manned ocean-going ships. (Docket No. 1, Paragraph 12).

7. The increase of pension benefits from inland rates for employees of deep sea, ocean going tugs, to deep sea rates was accomplished in steps over a series of collective bargaining agreements from 1979 to 1991–92, when parity was reached. (Docket No. 1, Paragraph 13).

8. Mr. LaBrache participated directly in the union's efforts at the collective bargaining table to increase pension levels for ocean going tug workers from inland rates to deep sea rates. (Docket No. 1, Paragraph 17).

9. Mr. LaBrache retired after 29.5 years of service. (Docket No. 1, Paragraph 18).

10. Mr. LaBrache was ill for extended period in the Fall of 1994 and applied for retirement while hospitalized. (Docket No. 1, Paragraph 18).

11. Upon this retirement and his release from the hospital in late October 1994, he learned that the Plan had given him credit for 12.75 years of deep-sea service, and for 16.75 years of inland water service. This resulted in a monthly pension rate of $1,268.83 rather than a rate of $2,575 per month if he had been credited for 29.5 years of service at the deep-sea rate. (Docket No. 1, Paragraph 19).

12. Mr. LaBrache began receiving pension checks from the Plan in January 1995, and is currently receiving monthly pension checks from the plan. (Docket No. 1, Paragraph 20).

13. Mr. LaBrache wrote to administrator of the Plan, Patricia Candaras, on December 29, 1994, requesting that his 29.5 years of work be credited in its entirety at deep-sea pension rates. (Docket No. 1, Paragraph 21).

14. On January 25, 1995, Candaras notified LaBrache that his request was received and the Board of Trustees would consider his appeal at their next meeting. (Docket No. 9, Exhibit 2).

15. Mr. LaBrache's request was denied on April 11, 1995, in a letter signed by administrator of the plan, Ms. Candaras. (Docket No. 9, Exhibit 3).

16. On April 25, 1995, Mr. Gross, attorney on behalf of Mr. LaBrache, wrote to Candaras and asked her for all documents pertinent to LaBrache's case. (Docket No. 9, Exhibit 4).

17. Candaras on June 1, 1995 returned some of the necessary documents and exhibits used in deciding LaBrache's first appeal. (Docket No. 1, Paragraph 24).

18. Over the next six months, correspondence would continue. A formal appeal was requested on January 31, 1996, once Gross received all of the information necessary to establish an argument. (Docket No. 9, Exhibit 9).

19. Candaras responded to LaBrache's attorney's request on February 22, 1996, and suggested a set of dates convenient for LaBrache to present his case to the Board of Trustees. (Docket No. 9, Exhibit 10).

20.  Mr. LaBrache and his attorneys presented his claim orally and in writing before the Board of Trustees of the Pension Plan in Dania, Florida on June 4, 1996; the hearing opened at 10:30 A.M. and concluded approximately 12:30 P.M. (Docket No. 1, Paragraph 35).

21.  On July 26, 1996, William A. Fagot, acting on behalf of the Plan's trustees, issued the Plan's "final determination" rejecting in every respect Mr. LaBrache's pension claims, including refusing to credit Mr. LaBrache's service of 29.5 years at deep sea rates. (Docket No. 1, Paragraph 36).

22.  Acting on his own behalf, LaBrache asked the AMO Membership to review his situation on July 31, 1996. (Docket No. 9, Exhibit 14–A).

23.  The AMO president McKay on August 14, 1996 answered LaBrache's request by denying him review under the AMO Membership and said this decision was final. (Docket No. 9, Exhibit 14–B).

24.  This instant action is filed in response to the Plan's final denial of Mr. LaBrache pension claims. (Docket No. 1, Paragraph 38).

## DISCUSSION

*1. ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING PENALTY DAMAGES UNDER ERISA, ATTORNEY FEES AND COSTS*

The plaintiff's Motion for Partial Summary Judgment alleges violations of the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Docket No. 9). The alleged violations stem from discrepancies in LaBrache's vested pension benefits earned over 29 years with the defendant's AMO Pension Plan. (Docket No. 9). However, in this particular motion the plaintiff alleges that the defendant failed to respond to requests for information and to meet tests of truthfulness and promptness in offered responses. (Docket No. 9). Also, LaBrache alleges inappropriate retroactive application of an AMO regulation amendment upon vest-

ed pension benefits. (Docket No. 9). Further, the plaintiff believes an award of attorney fees and costs is warranted, because AMO prejudiced LaBrache by not supplying information in a good faith manner. (Docket No. 9).

**A.  Statutory Penalties**

Statutory penalties are provided for the failure or refusal to furnish information upon the request of a participant or beneficiary. 29 U.S.C. § 1132(c) provides:

> Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary ... by mailing the material requested to the last known address of the requesting participant or beneficiary within thirty days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to one hundred dollars a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

In cases alleging reporting and disclosure violations, a plaintiff must bring action under § 1132(a)(1)(A) for the relief provided in § 1132(c). In determining whether LaBrache is entitled to a statutory award, the court may consider whether AMO's failure to provide the requested information prejudiced the plaintiff. *Curry v. Contract Fabricators*, 891 F.2d 842, 847 (11th Cir.1990). However, the plaintiff doesn't need to show prejudice in the form of a monetary loss. Id. at 847. The civil penalty "is in the nature of punitive damages, which are designed more to punish the intransigent administrator and to teach ERISA fiduciaries a needed lesson rather than to compensate the pensioner for loss." *Sandlin v. Iron Workers District Council Pension Plan*, 716 F.Supp. 571, 574 (N.D.Ala.1988), aff'd, 884 F.2d 585 (11th Cir.1989). Relevant to the Court's decision is whether AMO intentionally or deliberately withheld and manipulated information; more specifically, the information

used to calculate the plaintiff's benefits. Based upon the initial consideration of these factors, this Court finds that a statutory penalty is not warranted in this case.

Over the course of twenty months, both parties actively participated in providing necessary information to one another. The information gathered by the plaintiff from the defendant was used to formulate an argument for a formal appeal against AMO. (Docket No. 9). There appears to have been some confusion between the parties concerning which documents the plaintiff needed. (Docket No. 9, Exhibit Nos. 4, 5–A, 6, 7). For example, the plaintiff requested rates for PMPOW, an acronym for rates that isn't used by AMO. (Docket No. 9, Exhibit No. 4). The AMO pension plan refers to these documents as PMPD or "per man per day" rates. (Docket No. 9, Exhibit No. 5–A).

The confusion stems from the rules and regulations governing the trustees' decision. The plaintiff believed that the 1994 AMO Plan Rules was the correct and only plan to be followed. (Docket No. 9). In response to various correspondence the administrators of the AMO referred to the 1986 AMO Plan Rules and its amendments. (Docket No. 9). The AMO combined the 1986 Plan Rules with the 1986 Plan Amendments into one document ... the 1994 AMO Plan Rules. (Docket No. 15). It appears both parties were talking about identical documents with different titles. The defense has repeatedly mentioned its use of the 1994 Plan Rules (a.k.a. 1986 Plan Rules and its accompanying amendments) and another document, the 1991 Summary Plan Description as the ruling documents. (Docket No. 15). These documents were mentioned as a basis for denying the plaintiff's formal appeal on June 4, 1996. (Docket No. 9, Exhibit No. 13).

■ The plaintiff also refers to a retroactive application of an amendment in La-Brache's appeal. (Docket No. 9). The defense denies any employment of Amendment 22 of the 1994 Plan Rules in La-Brache's case. (Docket No. 15). In fact, even though the amendment was ratified on June 21, 1995, AMO alleges LaBrache's appeals on April 6, 1995 and June 6, 1996 were based on the rules and regulations under the exclusion of Amendment 22. (Docket No. 15). The rationale behind the decision was based on the trustee's consideration of the rules as they existed prior to the amendment. (Docket No. 15). A summary judgment ruling requires "no genuine issue of material fact". *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The issue surrounding the application of Amendment 22 is an issue best reserved for the factfinder. Clearly there is a difference in the parties' opinions whether this amendment was utilized in calculating LaBrache's benefits, this is a factual question necessary of proof at trial. Whether the evidence is taken in a light most favorable to the non-moving party, or if this is considered a genuine issue of material fact, this argument should not be addressed in a motion for partial summary judgment. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987).

## B. Attorney Fees and Costs

■ The awarding of attorney fees under ERISA, 29 U.S.C. § 1132(a), is completely discretionary. *Iron Workers Local # 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980). ERISA provides 29 U.S.C. § 1132(g)(1) to guide courts with this issue:

> In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Additionally the Eleventh Circuit created factors to apply when exercising its discretion. *Ironworkers Local No. 272 v. Bowen,* 695 F.2d 531, 534 (11th Cir.1983). *Nachwalter v. Christie,* 805 F.2d 956, 961–62 (11th Cir.1986). *Dixon v. Seafarers' Welfare Plan,* 878 F.2d 1411, 1412 (11th Cir.1989).

The factors are: (1) the degree of the opposing party's culpability or bad faith;

(2) the ability of the opposing party to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of each party's position.

■ When applying the Ironworkers factors in a manner most favorable to the non-moving party, it is clear the defendant did not act in bad faith. AMO's responses to requests do not rise to a level necessary to satisfy the threshold of culpability or bad faith. Likewise, additional correspondence to clear any confusion about the rules and regulations is a genuine issue of material fact and can not be considered as unfair prejudice upon the plaintiff. *Daughtrey v. Honeywell, Inc.,* 3 F.3d 1488 (11th Cir.1993); *Curry v. Contract Fabricators Incorporated Profit Sharing Plan,* 891 F.2d 842, 849 (11th Cir.1990). The plaintiff is not the prevailing party in regard to this motion and is, therefore, not entitled to fees and costs at this time.

### 2. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff's second motion for Partial Summary Judgment is in part a re-visit to his earlier partial summary judgment, (Docket No. 9), and a look into specific areas of the plaintiff's allegations of denied retirement benefits.

The plaintiff's motion addresses the following issues for consideration: (A) defendant's failure to comply with ERISA rules and regulations, (B) defendant's improper application of plan rules, (C) defendant's improper use of Amendment 22 in calculating benefits, (D) plaintiff's entitlement to vacation day credit years 1991–93, (E) plaintiff's entitlement to credit as a union official, and (F) plaintiff's entitlement to a lump sum credit. (Docket No. 21).

### A. Defendant's Failure to Comply With ERISA

LaBrache believes AMO acted outside of the rules and regulations provided in ERISA. The plaintiff requests this Court to comment further upon the issues of notice, bad faith, and misrepresentation. (Docket No. 21). LaBrache believes the defendant acted willfully in ignoring requests for information. The plaintiff presented these issues on November 23, 1998, in his first motion for partial summary judgment. (Docket No. 9). In fact, the are no new points addressed that are not already mentioned in other motions.

### B. Defendant's Improper Application of Plan Rules

LaBrache believes the defendant followed rules improperly in awarding benefits. (Docket No. 21). More specifically, LaBrache feels the trustees at AMO applied the wrong set of plan rules in calculating his retirement benefits. Through the use of party affidavits and memorandum, it is clear this is a genuine issue of material fact. FED.R.CIV.P. 56(c). LaBrache is not offering any new facts. In fact, the argument is simply a restatement of his earlier motion. (Docket No. 9).

The plaintiff presented this issue in the November 23, 1998 Motion for Partial Summary Judgment. (Docket No. 9). The Court addressed this argument in resolution of that motion, and refers the parties to that opinion.

### C. Defendant's Improper Use of Amendment 22

LaBrache alleges the defendant's erroneous use of an unadopted amendment. The two parties have strikingly different opinions of AMO's methods of calculating LaBrache's benefits. The plaintiff feels the trustees at AMO unfairly applied an unadopted and informal schedule to his benefit calculation. (Docket No. 21). The defendant argues Amendment 22 was at no time applied to LaBrache's case. (Docket No. 26).

This is an argument best left for another day and venue. It is obviously a matter of genuine material fact. As well, this argument was originally mentioned in the November 23, 1998 motion. (Docket No. 9). The December 28, 1998 motion revisited this argument without any additional facts. As such, this Court refers to its decision on the previous motion.

**D. Plaintiff's Entitlement to Vacation Day Credit Years 1991–93**

**E. Plaintiff's Entitlement to Credit as a Union Official**

**F. Plaintiff's Entitlement to a Lump Sum Benefit**

The remaining three issues in this Motion for Partial Summary judgment are considered concurrently. They require resolution of factual issues. The issues center on AMO's decision to deny certain status to LaBrache. AMO's retirement benefits may be enhanced with paid vacation days and service as a union official. However, AMO trustees interpreted LaBrache's benefits without either of these enhancements. Also, AMO's calculations do not grant LaBrache twenty-nine and a half years of service as a deep-sea worker.

These issues center upon which rules were applied and the manner in which they were applied. This is the first time the plaintiff has addressed any of these arguments. The Court is not prepared to grant the motion where disputed facts exist.

As such, the arguments for vacation day and union official credit, as well as entitlement to a lump sum payment should be addressed at trial.

*3. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING PLAINTIFF'S CLAIMS FOR DEEP SEA PENSION BENEFITS AND FOR PENSION CREDIT FOR HIS VACATION TIME*

On December 28, 1998, the defendant filed the above motion with this Court. (Docket Nos. 18 & 19). In the motion, AMO seeks dismissal of the plaintiff's claims for deep-sea benefits and credit for vacation time. In addition, AMO argued to dismiss the breach of fiduciary duty claim. The plaintiff filed a response in opposition to defendant's motion on January 29, 1999. (Docket No. 27).

**A. Dismissal of Claims for Deep–Sea Benefits and Vacation Day Credit**

This is the first time the defendant has sought to dismiss either of these claims. In motions for summary judgment filed by the plaintiff on November 23, 1998 and December 28, 1998, LaBrache asked this Court to review these issues. (Docket Nos. 9 & 21)

This Court is not prepared to grant dismissal at this time; the Court is also denying the plaintiff's similar motion. The claimed benefits and credits are based on disputed material facts. *Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In accordance with case law, it would be inappropriate and premature to grant the motion on this issue. *See id.* There is evidence to support the non-moving party's case for the denial of benefits by the trustees of AMO. (Docket No. 27).

Since this Court has already addressed the facts of this argument, the Court refers the parties to those opinions.

**B. Dismissal of Claims for Fiduciary Breach**

In the Plaintiff's November 23, 1998, Motion for Partial Summary Judgment, LaBrache argued that AMO breached its fiduciary duty to provide adequate and accurate information. (Docket No. 9). In that motion, the plaintiff argued for sanctions against the defendant based upon a breach of fiduciary duty. (Docket No. 9). The defendant now seeks to dismiss that claim. (Docket Nos. 18 & 19).

The plaintiff's motion was not granted due to the presence of disputed material

facts. The breach in fiduciary duty rests on the outcome of the appropriate rules and regulations to be applied to La-Brache's case. The breach will be determinative of AMO's negligence in providing information to LaBrache. As such, this Court can not grant the instant motion.

### 4. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING COUNT II OF THE COMPLAINT, AND FOR ATTORNEY'S FEES AND COSTS

On December 28, 1998, AMO filed their second Motion for Partial Summary Judgment addressing three issues. (Docket No. 16). The motion sought to dismiss the Count alleging failure to supply documents. (Docket No. 16). As well, the motion asked for attorney fees and costs under § 1132(c). The plaintiff filed a response in opposition on January 8, 1999. (Docket No. 23).

#### A. Dismissal of Fiduciary Breach

In AMO's previous Motion for Partial Summary Judgment, they desired dismissal of the claims for sanctions against the company. There are no new evidentiary facts offered in this motion. In fact, the motion's memorandum refers to its Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment (Docket Nos. 26 and 15), and a trustee's affidavit.

The Court is denying the Defendant's argument of fiduciary breach, and has already denied the Plaintiff's similar argument.

The defendant does address one new argument to dismiss the claim. "The plan, as an entity, can not be sued for breach of fiduciary duty." 29 U.S.C. § 1132(a)(1)(B). Unfortunately there isn't any case law addressing this issue squarely; the Eleventh Circuit has allowed actions asserting claims for benefits under ERISA to proceed solely against ERISA plans. *Springer v. Wal–Mart Associates' Group Health Plan*, 908 F.2d 897 (11th Cir.1990); *Guy v. Southeastern Iron*

*Workers' Welfare Fund*, 877 F.2d 37 (11th Cir.1989). The idea of one seeking to recover benefits under an ERISA plan by proceeding solely against his plan runs counter to ERISA and is not congruent with this circuits interpretations. In the past, this circuit has allowed an action to continue against both the plan and the administrator, without expressly addressing the issue of who is the proper defendant. *Marecek v. BellSouth Telecomm*, 49 F.3d 702 (11th Cir.1995). Also, actions have been allowed to continue against a plan administrator alone, without raising objections. *Godfrey v. Bellsouth Telecomm*, 89 F.3d 755 (11th Cir.1996); *Kirwan v. Marriott*, 10 F.3d 784 (11th Cir. 1994); *Jett v. Blue Cross & Blue Shield of Alabama*, 890 F.2d 1137 (11th Cir.1989).

Thus, it would appear the defendant's point is moot in this circuit. Either party defendant would be proper in this case, whether it is an action brought exclusively against the plan's administrator or the plan itself.

#### B. Attorney Fees and Costs

Finally, AMO requests attorney fees and costs for an improper accusation and cause of action by the plaintiff. The court's decision to award attorney fees and costs is hinged on whether AMO intentionally or deliberately withheld and manipulated information.

As discussed under the plaintiff's first motion for partial summary judgment, the awarding of attorney fees under ERISA, 29 U.S.C. § 1132(a) is completely discretionary. *Iron Workers Local # 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980). As mentioned before, the factors used by this Court to warrant attorney fees and costs are derived from this circuit. *Ironworkers Local No. 272 v. Bowen*, 695 F.2d 531, 534 (11th Cir.1983). *Nachwalter v. Christie*, 805 F.2d 956, 961–62 (11th Cir. 1986). *Dixon v. Seafarers' Welfare Plan*, 878 F.2d 1411, 1412 (11th Cir.1989). In the cases cited, a decision to award attorney fees and costs was not considered until

issues of culpability or bad faith had been affirmed. *Ironworkers Local No. 272 v. Bowen,* 695 F.2d 531, 534 (11th Cir.1983). *Nachwalter v. Christie,* 805 F.2d 956, 961–62 (11th Cir.1986). *Dixon v. Seafarers' Welfare Plan,* 878 F.2d 1411, 1412 (11th Cir.1989).

At this juncture, it would be improper to assume or infer that the trustees for AMO acted in an improper manner. As such, the argument of attorney fees and costs will not be granted.

### *CONCLUSION*

The Plaintiff and Defendant are requesting this Court to consider a variety of motions for partial summary judgment. Excluding responses in opposition, the four motions for partial summary judgment contain approximately sixteen issues, and less than half of those issues are original or non-repetitive issues.

The Supreme Court held that "consistent with established principles of trust law ... a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard." *Firestone Tire and Rubber Co. v. Brunch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The purpose of a motion for partial summary judgment is to dispose of various causes of action where there is no genuine issue of material fact present. Fed.R.Civ.P. 56(c).

This Court holds that the facts concerning the Defendant's alleged misconduct are conflicting. In fact, the issues mentioned in the parties' motions either contain disputed material facts, or are issues which are not ripe for consideration. These are questions of fact to be determined by a fact-finder, because it is not the role of the Court, on these motions, to weigh evidence. Accordingly, it is

**Ordered** that the Plaintiff's Motion for Partial Summary Judgment Seeking Penalty Damages under ERISA, Attorney Fees and Costs (Docket No. 9), the Defendant's Motion for Partial Summary Judgment Dismissing Count II of the Complaint, and for Attorney Fees and Costs (Docket No. 16), the Defendant's Motion for Partial Summary Judgment Dismissing Plaintiff's Claims for Deep Sea Pension Benefits and for Credit for his Vacation Time (Docket. Nos. 18 & 19), and Plaintiff's Motion for Partial Summary Judgment (Docket No. 21) be **Denied.**

**Done And Ordered.**