Robert J. CHEREPINSKY, Plaintiff,

v.

SEARS ROEBUCK AND CO. and Sears Transition Pay Plan, Defendants.

C.A. No. 2:06–1269–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 18, 2006.

Jarrel L. Wigger, Wigger Law Firm, North Charleston, SC, for Plaintiff.

Benjamin P. Glass, Ogletree Deakins Nash Smoak and Stewart, Charleston, SC, James Bernard Spears, Jr., Ogletree Deakins Nash Smoak and Stewart, Charlotte, NC, Vance Earle Drawdy, Ogletree Deakins Nash Smoak and Stewart, Greenville, SC, for Defendants.

### ORDER

DUFFY, District Judge.

This matter is before the court upon Defendants' Renewed Motion to Dismiss certain specified causes of action. For the reasons set forth herein, the court grants in part and denies in part Defendants' Renewed Motion to Dismiss.

### BACKGROUND

On April 27, 2006, Plaintiff Robert J. Cherepinksy ("Cherepinsky" or "Plaintiff") filed a complaint against Defendants Sears Roebuck and Co. ("Sears") and Sears Transition Pay Plan ("Plan"). In his complaint, Plaintiff asserts the following facts.

First, Plaintiff states that he was employed by Defendant Sears from 1969 to 1984, and then again in 1999, as a salesperson in the HVAC Sales Department in the Charleston, South Carolina area. Plaintiff asserts that as an employee of Sears, he was a participant in the Sears Transition Pay Plan. According to Plaintiff, his job required him to travel between cities in the State of South Carolina. However, Plaintiff asserts that at some point during 2004, Sears announced that it would begin "transitioning" the HVAC sales associates to a wholly owned subsidiary known as "SHIP." Plaintiff claims that "[t]he terms of the transition are designed to force a large group of employees over the age of forty to retire by significantly reducing compensation." (Amended Complaint ¶ 8.) According to Plaintiff, he was forced to take early retirement on January 28, 2005, "[d]ue to the non-comparable work offered to Plaintiff and his reduction in overall earnings and benefits of over 10%." (Amended Complaint ¶ 9.) Thereafter, Plaintiff filed a claim for benefits, which Defendants denied. After fully exhausting his administrative remedies, Plaintiff filed a complaint against Defendants, wherein he alleged the following six causes of action: (1) violation of 29 U.S.C. § 1132; (2) violation of the Fair Labor Standards Act

of 1938; (3) violation of the South Carolina Payment of Wages Act; (4) breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1109; (5) a claim to enjoin action under 29 U.S.C. § 1132(a)(3); and (6) violation of the Payment of Post–Termination Claims to Sales Representatives Act. On June 26, 2006, Defendants moved to dismiss certain specified causes of action. More specifically, Defendant Plan moved to dismiss the second, third, fourth, fifth, and sixth causes of action against it. Defendant Sears moved to dismiss the fourth and fifth causes of action against it.

In an order dated September 8, 2006, this court dismissed Plaintiff's second, third, and sixth causes of action as to Defendant Plan. (Order at 18.) This court denied the remainder of Defendants' motion and instead granted "Plaintiff twenty (20) days leave to file an amended complaint in which he seeks appropriate and available relief, to the extent that the facts permit him to do so." (Order at 18.) Plaintiff filed an amended complaint on September 28, 2006, and on October 16, 2006, Defendants filed a Renewed Motion to Dismiss. Defendants move to dismiss the fourth cause of action against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and to dismiss the fifth cause of action against them pursuant to Rule 12(b)(6). Plaintiff filed a Response in Opposition to Defendants' motion, and Defendants filed a Reply.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to *infer* that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972).

Similarly, when evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the complaint fails to state facts upon which jurisdiction can be founded, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). The plaintiff has the burden of proving jurisdiction, and the court may go beyond the face of the complaint and consider evidence without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

## ANALYSIS

### I. Renewed Motion to Dismiss

Plaintiff's fourth cause of action seeks to impose liability on Defendants for breach of the fiduciary duties imposed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). ERISA's civil enforcement provisions include two sections under which a claimant may prosecute a claim for breach of fiduciary duty: sections 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and (3). Plaintiff's amended complaint delineates the fourth cause of action as action for breach of fiduciary duty and the fifth cause

of action as a claim to enjoin action under 29 U.S.C. § 1132(a)(3). However, because a claim for breach of fiduciary duty can arise under section 502(a)(3), the court will address section 502(a)(2) and then section 502(a)(3).

### A. Plaintiff's Cause of Action Pursuant to Section 502(a)(2), 29 U.S.C. § 1132(a)(2)

Defendants argue this court should grant the Renewed Motion to Dismiss as to Plaintiff's cause of action under section 502(a)(2) because Plaintiff has failed to satisfy Article III standing requirements and, in failing to allege the Plan has suffered any losses from the purported breaches of fiduciary duty, Plaintiff has failed to satisfy the statutory standing requirements imposed by that subsection.[1] (Defendants Renewed Mot. to Dismiss at 2–3.) Section 502(a)(2) provides that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). Section 409, 29 U.S.C. § 1109, provides that:

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109. As the Fourth Circuit Court of Appeals has recently stated,

"[r]ecovery under this subsection must 'inure[ ] to the benefit of the plan *as a whole*,' not to particular persons with rights under the plan." *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 450 F.3d 570, 573 (4th Cir. 2006) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)) (emphasis supplied in *LaRue*). In *Russell*, the United States Supreme Court stated that "[a] fair contextual reading of . . . [section 1109] makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." 473 U.S. at 142, 105 S.Ct. 3085 (footnote omitted). According to the terms of ERISA and the governing law of the Fourth Circuit, a plaintiff may only obtain money damages for the benefit of the plan under ERISA §§ 409(a) and 502(a)(2) if he alleges and proves a loss to the plan itself. *See Meyer v. Berkshire Life Ins. Co.*, 250 F.Supp.2d 544, 565 (D.Md.2003), *aff'd*, 372 F.3d 261 (4th Cir.2004).

In this court's order dated September 8, 2006, the court found that Plaintiff did not seek a remedy inuring to the benefit of the Plan as a whole and that Plaintiff had not even alleged a loss to the plan. The court stated, "Plaintiff seeks nothing more than an award of damages. Thus, the court recognizes that . . . section 502(a)(2) . . . [does not] afford the relief Plaintiff seeks." (Order at 15.) Instead of dismissing Plaintiff's claim, however, the court granted Plaintiff twenty days leave to file an amended complaint, "seeking appropriate *and available* relief, to the extent the facts permit him to do so, for a claim for breach of fiduciary duty." (Order at 15.)

---

1. This court does not address Defendants' Article III argument as it finds Defendants' argument regarding ERISA's statutory standing requirements dispositive.

■ Plaintiff filed an amended complaint and amended the allegations related to his cause of action for breach of fiduciary duty. In Defendants' Renewed Motion to Dismiss, Defendants argue this court should dismiss Plaintiff's claim pursuant to ERISA section 502(a)(2) because Plaintiff does not allege a loss to the plan. (Defendants' Renewed Mot. at 3.) Plaintiff asserts he does allege a loss to the plan: "Plaintiff[ ] amended the complaint to talk about the generic and overall benefits, not just to Defendant Sears but also to the Plan. Plaintiff did allege his loss to the plan in general as indicated by paragraphs eight, ten, eleven, twelve and thirteen of the Plaintiff's Amended Complaint which sets out facts indicative of plan losses." (Plaintiff's Response to Defendants' Renewed Mot. at 3.) The following are the paragraphs Plaintiff references:

8. Plaintiff's employment required him to travel between cities in the State of South Carolina. During 2004, Defendant Sears, Roebuck and Company announced that they would begin "transitioning" the HVAC Sales Associates to a wholly owned subsidiary known as "SHIP." The terms of the transition are designed to force a large group of employees over the age of forty to retire by significantly reducing compensation. Changes would include, but are not limited to, no paid time off (vacation and holidays), or pay for the first 10 days of sick time, longer on call hours, different "territories" to work in, no expense reimbursement, including but not limited to, mileage, commission rates are lower and other sales practice rules have been changed to decrease earnings potential. As a result of the "transition," many older employees, including Plaintiff, would be forced to quit or retire early.

. . .

10. Upon information and belief, the Defendants imposed new conditions on benefits which were not contained in the Plan documents by altering the definition of job comparability, making benefits they [sic] subjective and subjected to being altered and therefore a moving target.

11. Defendants additionally failed to disclose material conditions of the job assignments and its standards for comparability though it had compiled this information at the time of offering the plan to participants.

12. Defendants required employees to sign waivers and they benefit[t]ed from those actions and attempted to avoid payments under the plan based on the waivers.

13. Upon information and belief, Defendants improperly delegated fiduciary responsibilities for benefit eligibility to SHIP and [sic] derogation of it's [sic] duties as plan administrator.

(*See* Amended Complaint.)

Broadly reading these allegations and the amended complaint's remaining allegations, this court determines that Plaintiff has not alleged a loss to the plan. Instead, Plaintiff has "allege[d] **his** loss to the plan." (Plaintiff's Response to Defendants' Renewed Mot. at 3 (emphasis added).) Although Plaintiff does assert that Defendants breached their fiduciary duties by failing to administer the Plan in accordance with the Plan documents and by engaging in self-dealing, he has not alleged this breach caused a loss to the Plan. Moreover, the damages Plaintiff seeks are not for the benefit of the Plan. Plaintiff's amended complaint states,

WHEREFORE, having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the Transition Pay Plan benefits that he seeks pursuant to 29 U.S.C.S. § 1132(a)(1)(B), 29 U.S.C.S. 1104 and

1109, back benefits due under the plan, the enforcement of his right under the terms of the plan, a clarification of his rights to future benefits under the terms of the plan and attorney's fees and costs pursuant to 29 U.S.C.S. § 1132(g), and such other and further relief as this Court deems just and proper.

(Plaintiff's Amended Complaint at 9.) Plaintiff is not seeking recovery to the Plan, and as a result, Plaintiff does not state a claim pursuant to ERISA section 502(a)(2). "It is well established that, to advance a claim of breach of fiduciary duty pursuant to Section ... 502(a)(2) of ERISA, the plaintiff must assert recovery for the employee benefit plan as a whole, as opposed to individual relief." *SunTrust Bank v. Aetna Life Ins. Co.*, 251 F.Supp.2d 1282, 1290 (E.D.Va.2003). The court therefore dismisses Plaintiff's cause of action pursuant to section 502(a)(2).

### B. Plaintiff's Cause of Action Pursuant to Section 502(a)(3), 29 U.S.C. § 1132(a)(3)[2]

■ Defendants next argue for dismissal because "to the extent that Plaintiff is seeking individual relief under ERISA Section 502(a)(3) ..., he fails to seek appropriate equitable relief within the meaning of Section 502(a)(3)." (Defendants' Renewed Mot. at 3.)[3] Pursuant to section 502(a)(3), a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress

2. Defendants do not appear to argue that Plaintiff must allege a loss to the plan in order to have a claim under section 502(a)(3). In any event, this court is of the opinion that such an allegation is unnecessary in order to survive a motion to dismiss. *See Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1203 (9th Cir.2003) ("Some cases say that there must be a loss to hold the fiduciary liable for breach of his duty. *See, e.g., Friend v. Sanwa Bank of Cal.*, 35 F.3d 466, 469 (9th Cir.1994) ('ERISA holds a trustee liable for a breach of fiduciary duty only to the extent that losses to the plan result from the breach.') The statement, in context, however, refers to a case in which monetary relief was sought from the trustee. Here, plaintiffs seek purely equitable relief, either to enjoin future misconduct, or to have the trustees removed. Requiring a showing of loss in such a case would be to say that the fiduciaries are free to ignore their duties so long as they do no tangible harm, and that the beneficiaries are powerless to rein in the fiduciaries' imprudent behavior until some actual damage has been done. This result is not supported by the language of ERISA, the common law, or common sense.").

3. Defendants also argue that this court should dismiss Plaintiff's fifth cause of action ("claim to enjoin action under 29 U.S.C.S. Sec. 1132(a)(3)") because "Plaintiff failed to amend the allegations in that cause of action to seek 'appropriate and available relief' as ordered by this Court." (Defendants' Mem. in Support of Renewed Mot. to Dismiss at 3.) Defendants are correct—Plaintiff did not amend any of the allegations contained under the heading for the fifth cause of action. As previously noted, however, Plaintiff's fourth cause of action (breach of fiduciary duty) can encompass both section 502(a)(2) and section 502(a)(3). Plaintiff did make relevant amendments to his fourth cause of action, so the court does not view Plaintiff's failure to make amendments to his fifth cause of action as fatal. *Cf. Alexander v. Provident Life & Acc. Ins. Co.*, 153 F.3d 718, *2 (4th Cir.1998) (unpublished table decision) ("Even though the Plaintiffs did not cite to the ERISA statute in their amended complaint, we will treat the case as an ERISA case and decide the issues on the merits."). Pursuant to the liberal pleading rules of the federal court system, this court declines to dismiss Plaintiff's claim pursuant to section 502(a)(3) simply because Plaintiff made no amendments to the allegations contained in his fifth cause of action. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) ("It is now established doctrine that pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated....").

such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

In *Mertens v. Hewitt Associates.*, the United States Supreme Court considered the scope of relief available to a plaintiff under section 502(a)(3). 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). The court determined that "equitable relief" refers only to those "categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)" in the days of the divided bench. *Id.* at 256, 113 S.Ct. 2063; *see also Sereboff v. Mid Atlantic Medical Servs., Inc.*, —— U.S. ——, ——, 126 S.Ct. 1869, 1873, 164 L.Ed.2d 612 (2006) ("In [*Mertens*], we construed [section 502(a)(3)(B) ] to authorize only 'those categories of relief that were *typically* available in equity,' and thus rejected a claim that we found sought 'nothing other than compensatory *damages.*' ").

In *Great–West Life & Annuity Insurance Co. v. Knudson*, its interpretation of section 502(a)(3) and determined that the restitutionary remedy sought by Great–West would not have been equitable in the days of the divided bench because the funds Great–West sought were not in the possession of Knudson, but instead had been placed in a trust under California law. 534 U.S. 204, 212–14, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). Likewise, in *LaRue*, the Fourth Circuit Court of Appeals determined that "*Mertens* and its progeny compel the conclusion that the remedy ... [of compensatory damages] falls outside the scope of [section 502(a)(3) ]." 450 F.3d at 575. The court in *LaRue* stated:

> As in *Mertens*, although he often dances around the word, what plaintiff in fact seeks is nothing other than compensatory *damages*—monetary relief for all losses ... sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of *legal* relief, and have therefore remained conspicuously absent from the list of traditional equitable remedies available under § 1132(a)(3).
>
> While that list does include restitution, this form of recovery is not so broad as to include the compensatory relief that plaintiff seeks. As the Supreme Court explained in *Great–West Life & Annuity Insurance Co. v. Knudson*, not all relief falling under the rubric of restitution is available in equity. In particular, for restitution to lie in equity, as opposed to at law, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.
>
> The Supreme Court's most recent § 1132(a)(3) decisions demonstrate how the absence of unjust possession is fatal to an equitable restitution claim....
>
> Plaintiff does not allege that funds owed to him are in defendants' possession, but instead that these funds never materialized at all. He therefore gauges his recovery not by the value of defendants' nonexistent gain, but by the value of his own loss—a measure that is traditionally legal, not equitable. Thus, at core, he seeks to obtain a judgment imposing a merely personal liability upon the defendants to pay a sum of money. As *Knudson* explained, historically, such claims were viewed essentially as actions at law, and they are therefore unavailable under § 1132(a)(3).

*LaRue*, 450 F.3d at 575–76 (internal citations and quotation marks omitted).

In this court's order dated September 8, 2006, when addressing Plaintiff's claim for breach of fiduciary duty under section 502(a)(3), the court found that Plaintiff originally did "not seek restitutionary re-

lief, or in fact, any other appropriate equitable relief at all; rather, Plaintiff seeks nothing more than an award of damages." (Order at 15 (internal quotation marks omitted).) Instead of dismissing this claim, however, the court granted Plaintiff twenty days leave to file an amended complaint to seek "appropriate *and available* relief, to the extent that the facts permit him to do so, for a claim for breach of fiduciary duty." (Order at 15.) Likewise, when addressing Plaintiff's claim to enjoin action under section 502(a)(3), the court found that section 502(a)(3) does not afford the relief sought by Plaintiff in his original complaint. (Order at 16.) Again the court did not dismiss the claim but granted Plaintiff "twenty days leave to file an amended complaint, seeking appropriate *and available* relief, to the extent that the facts permit him to do so, for a claim pursuant to section 502(a)(3)." (Order at 16.)

Plaintiff filed an amended complaint and amended the paragraphs under his fourth cause of action, breach of fiduciary duty. In Defendants' Renewed Motion to Dismiss, however, Defendants state, "[T]o the extent that Plaintiff is seeking individual relief under ERISA Section 502(a)(3) in the Fourth Cause of Action, he fails to seek appropriate equitable relief within the meaning of Section 502(a)(3)." (Defendants' Renewed Mot. to Dismiss at 3.) In his Response, Plaintiff does not appear to address this argument.

Plaintiff's amended complaint alleges that Defendants breached their fiduciary duties by "failing to administer the Plan in accordance with the written documentation governing the Transition Pay Plan." (Amended Complaint ¶ 33.) In addition, Plaintiff's amended complaint reads as follows:

34. Defendants have acted in derogation of its' [sic] duty of loyalty and derogation of its' [sic] duty to follow plan documents, to avoid self-dealing and other duties as set out in Title 29 U.S.C.S. Sec. 1109.

35. A[s] a direct and proximate result of the acts and practices of Defendants, Plaintiff, and all members of the plan request that the court rescinds [sic] all waivers for the plan, remove defendants as fiduciary, or in [the] alternative require the fiduciary to follow plan documents and for other equitable relief as [this] court deems proper.

36. Plaintiff realleges the above paragraphs and as the direct and proximate result of the acts and practices of Defendants, Plaintiff is informed and believes he is entitled to recission of all waivers, reinstatement of the promised level of employment and other equitable relief that the Court deems proper.

(*See* Amended Complaint.)

■■■ In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court held that ERISA section 502(a)(3) authorizes plan beneficiaries to bring suit "that seeks relief for individual beneficiaries harmed by an administrator's breach of fiduciary obligations." *Varity Corp.*, 516 U.S. at 492, 116 S.Ct. 1065. In discussing section 502(a)(3), the Supreme Court stated,

[T]he statute authorizes *"appropriate"* equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the special nature and purpose of employee benefit plans, and will respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others. Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

*Id.* at 515, 116 S.Ct. 1065 (internal quotation marks and citations omitted). Defendants argue that individual "equitable relief under Section 502(a)(3) would ... be inappropriate, as Section 502(a)(1) provides the exclusive remedial structure for a benefits claim." (Defendants' Mem. in Support of Renewed Mot. to Dismiss at 8.)[4] This court agrees with Defendants. As the Fourth Circuit noted in *Korotynska v. Metropolitan Life Insurance Co.*, 474

F.3d 101, 102 (4th Cir.2006), "Individualized equitable relief under § 1132(a)(3) is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions." The Fourth Circuit found that "[b]ecause adequate relief is available for the plaintiff's injury through review of her individual benefits claim under § 1132(a)(1)(B), relief under § 1132(a)(3) will not lie." *Id.*[5] In the case

**4.** Seeking relief under section 502(a)(3), Plaintiff asserts that he has made "repeated written demands upon Defendants that his benefits be paid in full or he be given an understandable reason why they have not [been], ... in accordance with the Plan documents and ERISA 29 U.S.C.S. Sec. 1132." (Amended Complaint ¶ 39.) Plaintiff asserts that Defendants have failed to comply with the Plan documents and federal law, and that Defendants have failed to conduct a full and fair investigation into his claims. (Amended Complaint ¶¶ 39–42.) Then Plaintiff states: "As a direct and proximate result of the acts and practices of Defendants, Plaintiff is informed and believes he is entitled to an award of damages, liquidated damages, prejudgment interest, costs, and legal fees in an amount to be determined by the trier of fact." (Amended Complaint ¶ 44.)

As a preliminary matter, the court notes that money damages are not available pursuant to section 502(a)(3). *See Hemelt v. United States*, 122 F.3d 204, 207 (4th Cir.1997) ("The *Mertens* Court further concluded that an expansive interpretation of section 502(a)(3) to include money damages would distort the statute by giving the term 'equitable relief' a different meaning in section 502(a)(3) than it bears elsewhere in ERISA." (internal quotation marks omitted)). Furthermore, in Defendants' first Motion to Dismiss, Defendants argued Plaintiff was seeking relief under section 502(a)(3) for Defendants' alleged failure to comply with ERISA's claims procedure requirements. (Defendants' Mot. to Dismiss at 11.) Defendants state, "To the extent that Plaintiff seeks to assert a claim for violation of those requirements, the claim fails to state a claim upon which relief can be granted because ERISA does not provide participants or beneficiaries with an independent right of action for alleged violations of its claims procedures." (Defendants' Mot. to Dismiss at 11.)

This court agrees with Defendants. Pursuant to 29 U.S.C. § 1133, every employee benefit plan shall "(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." Breach of this section, however, "does not provide a claimant with any new substantive rights." *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 225 (4th Cir.1998). The only type of relief Plaintiff may be entitled to pursuant to section 502(a)(3) is equitable relief. *See supra* pages 639–40.

**5.** In *Korotynska*, the plaintiff maintained that she was not seeking individualized review of her adverse benefits determination under 29 U.S.C. § 1132(a)(1)(B). *Korotynska*, 474 F.3d 101, 102. She instead brought suit under 29 U.S.C. § 1132(a)(3), seeking "reform of 'the systemic improper and illegal claims handling practices that [MetLife] uses to deny her and other ERISA beneficiaries a full and fair review of their claims for disability benefits and a full and fair review of claims (including Ms. Korotynska's) that have been denied or terminated,' as well as other appropriate equitable relief." *Id.* at 102. The district court granted defendant MetLife's motion for judgment on the pleadings, and the Fourth Circuit affirmed.

The Fourth Circuit initially noted that "there is no question that what plaintiff is pressing is a claim for individual benefits." *Id.* at 102. The Fourth Circuit continued,

Although the Second Circuit has held that plaintiffs may seek relief simultaneously un-

*sub judice,* Plaintiff brings his first cause of action pursuant to § 1132(a)(1)(B). Because adequate relief is available to the Plaintiff under this subsection, Plaintiff is not entitled to individualized relief under section 502(a)(3).

■■ However, Plaintiff seeks to have Defendants removed as a fiduciary or in the alternative to require the fiduciary to follow Plan documents. (Amended Complaint ¶ 35.) The language of section 502(a)(3) allows a beneficiary to bring suit to enjoin an act or practice violating the terms of a plan or to obtain other appropriate equitable relief to redress violations of the plan's terms. *See* 29 U.S.C. § 1132(a)(3). Plaintiff alleges that Defendants have failed to follow Plan documents and have engaged in self-dealing. (Amended Complaint ¶ 34.) A failure to act "in accordance with the documents and instruments governing the plan" generally constitutes a breach of fiduciary duty. *See*

29 U.S.C. § 1104(a)(1)(D); *see, e.g., Iron-workers Local No. 272 v. Bowen,* 695 F.2d 531, 535 (11th Cir.1983) (noting that failure to act in accordance with documents governing a plan is automatically a breach of fiduciary duty). Plaintiff is seeking "other appropriate equitable relief" on behalf of all members of the plan. *Cf. Shaver v. Operating Eng'rs Local 428 Pension Trust Fund,* 332 F.3d 1198, 1203 (9th Cir.2003) (noting that an action to enjoin future misconduct or to have trustees removed is an action seeking purely equitable relief). While Plaintiff may not be ultimately entitled to this relief, *see Chao v. Malkani,* 452 F.3d 290, 294 (4th Cir.2006), this court finds that to the extent Plaintiff seeks equitable relief on behalf of all members of the Plan, Plaintiff's cause of action pursuant to section 502(a)(3) states a claim upon which relief may be granted.[6] Accordingly, this court denies Defendants' motion to dismiss Plaintiff's claim under section 502(a)(3).

> der § 1132(a)(1)(B) and § 1132(a)(3), a great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3).
>
> These courts have not allowed claimants to proceed with § 1132(a)(3) claims where relief was potentially available to them under § 1132(a)(1)(B), because, in *Varity,* the Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies....
>
> We join our sister circuits and hold that § 1132(a)(1)(B) affords the plaintiff adequate relief for her benefits claim, and a cause of action under § 1132(a)(3) is thus not appropriate....
>
> ...
>
> [O]ur holding preserves the true purpose of § 1132(a)(3): to authorize individual equitable relief, not where plan administrators have made a mistake on an individual benefits determination, but where, as in *Varity,* ERISA's other provisions do not afford adequate relief.

*Id.* at 104–05 (internal quotation marks and citations omitted).

6. The prayer in Plaintiff's amended complaint does not specifically mention Plaintiff's request that this court remove the Defendants from their fiduciary position, or in the alternative require the fiduciary to follow plan documents. However, a reading of Plaintiff's amended complaint indicates that Plaintiff seeks this relief and other equitable relief as this court deems proper. (Plaintiff's Amended Complaint ¶ 35 & p. 9.) The court is of the opinion that Plaintiff's failure to specify this equitable relief in the prayer is not fatal under the liberal rules of federal pleading. *Cf. Allied Towing Corp. v. Great E. Petroleum Corp.,* 642 F.Supp. 1339, 1347 (E.D.Va.1986) ("While this specific language [for declaratory and injunctive relief] is not contained in Count I as such, the complaint must be read as a whole. A complaint cannot be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

## II. Defendants' Request for Attorney's Fees

In conjunction with their Renewed Motion to Dismiss, Defendants request that the court grant them their reasonable attorney's fees and costs, pursuant to ERISA section 502(g)(1), 29 U.S.C. § 1132(g)(1). Pursuant to 29 U.S.C. § 1132(g), "the court in its discretion may allow a reasonable attorney's fee...." *See Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017 (4th Cir.1993) (construing 29 U.S.C. § 1132(g)). "In *Reinking v. Philadelphia American Life Insurance Co.,* 910 F.2d 1210, 1217–18 (4th Cir.1990), [the Fourth Circuit Court of Appeals] adopted a five factor test to guide the district court's exercise of discretion in awarding attorneys' fees under ERISA." *Quesinberry,* 987 F.2d at 1028–29. These five factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of opposing parties to satisfy an award of attorney's fees; (3) whether an award of fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and (5) the relative merits of the parties' positions. *See Reinking,* 910 F.2d at 1217–18 (citing *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980)); *Quesinberry,* 987 F.2d at 1029. "This five factor approach is not a rigid test, but rather provides general guidelines for the district court in determining whether to grant a request for attorneys' fees." *Id.* (citing *Gray v. New England Tel. & Tel. Co.,* 792 F.2d 251, 258 (1st Cir.1986)). Stated differently:

No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [1132(g)]. In particular types of cases, or in any individual case, however, other considerations may be relevant as well.

*Bowen,* 624 F.2d at 1266. The Fourth Circuit has stated that there is no presumption in favor of a prevailing insured or beneficiary. *See Quesinberry,* 987 F.2d at 1029–30.

Weighing these factors in the present case, the court concludes that an award of attorney's fees is not warranted at this time. First, Defendants have offered no evidence that Plaintiff has acted in bad faith; nor have Defendants provided any information with regard to Plaintiff's ability to pay an award of fees. Also, it is not clear that an award of attorney's fees would deter persons acting under similar circumstances, and it does not seem that Defendants sought, in their motions, to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself. Finally, considering this court's ruling on Defendants' Renewed Motion to Dismiss, the court finds the relative merits of the parties' positions do not clearly weigh in favor of either party.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendants' Renewed Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART.** Specifically, the court grants Defendants' Renewed Motion to dismiss Plaintiff's claim pursuant to ERISA section 502(a)(2). The court denies Defendants' Renewed Motion to dismiss Plaintiff's claim pursuant to ERISA section 502(a)(3). Defendants' request for attorney's fees is **DENIED.**

**AND IT IS SO ORDERED.**